IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. | ) | |
| | ) | Case No. 05-248C |
| | ) | (Judge Williams) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF CROSS –MOTION FOR SUMMARY JUDGEMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855
Facsimile: (202) 452-1090

Counsel of Record

Gregory McGillivary
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855
Facsimile: (202) 452-1090

Of Counsel

Table of Contents

Table of Authorities……………………………………………………………………………..iii

Statements of Questions Involved……………………………………...………………………..2

Statement of the Case……………………………………..……..…………………………..3

Statement of Facts…………………………………………………………………………3

Summary of Argument……………………………………………………………………5

Argument………………………………………………..……………………………………7

I. The Standard Review………………………. …………………………...……….7

II. The Plaintiffs' are Entitled to Summary Judgment Because Defandant Has Failed to Prove that the Law Enforcement Specialists' are "Teachers" within The Meaning of the Professional Exemption to the FLSA……......………...……9

A. Exemptions to the FLSA are Narrowly Construed and There is a Presumption that Employees are Entitled to Overtime Compensation…...9

1. Defendant Bears the Burden of Proving That Plaintiffs are Teachers Within the Meaning of the Professional Exemption…………………………..……………9

2. Principles to Consider in Assessing Whether Defendant Can Meet its Burden of Proof…...……………………………11

3. The Agency Must Prove that the Employees' Actual Day-Day Duties Meet Each Test for a Claimed Exemption……………………………………………………13

B. The Exemption for Teacher's is Limited to Those Whose "Primary Duty" is to Work as Teachers for an Educational Establishment…..……14

C. To Qualify as an FLSA Exempt Teacher Under the Professional Exemption, an Employee Must Consistently Exercise Discretion And Independent Judgment With Respect to Professional Work……..…19

D. Plaintiff Do Not Perform the Work of a Professional Teacher as………………………………………………………..……...………………..23

1. Plaintiffs' Primary Duty Cannot be Reasonably Construed As "Teaching" within the Meaning of the Statute; Defendant Itself has not Classified Plaintiffs as Teachers but as Law Enforcement Specialists……………… …………………….…………23

Table of Contents

2. Plaintiffs Do not Exercise Descretion and Independent Judgment In Their Jobs……………………………………………………….……..25

E. The Federal Law Enforcement Training Center is a Training Center and not an Educational Establishment…………………………..…….27

III. Assuming that Liquidated Damages are Not Awarded, Plaintiffs' are Entitled to Interest Under the Back Pay Act on Their Unpaid Overtime…………………………………………………………………..31

Conclusion……………………………………………………………………………33

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Abundis v. U.S.,* 18 Cl. Ct. 657, 663 (1988) .................................................... 10

*Adams v. U.S.,* 26 Cl. Ct. 782, 786 (1992)........................................... 15, 16, 17

*AFGE v. OPM*, 821 F.2d 761 (D.C.Cir. 1987)……………………………13, 15, 17

*A.H. Phillips Inc. v. Walling*, 324 U.S. 490 (1945) ...................................... 14, 22

*Adams v. United States*, 350 F.3d 1216 (Fed. Cir. 2003) ............................ 14,32

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ................................................ 7

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960) ........................................ 11

*Amshey v. U.S.*, 26 Cl. Ct. 586, 590 (1992) ............................................... 11, 17

*Berg v. Newman*, 982 F.2d 500 (Fed. Cir.1992)……………………...8, 10, 13, 14

*Biggs v. Wilson*, 1 F.3d 1537 ........................................................................ 33

*Brock v. Claridge Hotel & Casino*, 664 F. Supp. 899, *aff'd*, 846 F.2d 180 (3rd Cir. 1988) .......................................................................................... 33

*Brown v. Secretary of the Army*, 918 F.2d 214 (D.C. Cir. 1990) ........................ 32

*Cline v. Roadway Express*, 689 F.2d 481 (4th Cir. 1982) ................................. 33

*Cooke v. General Dynamics Corp.*, 993 F. Supp. 56 (D. Conn. 1997)................ 14

*Corning v. Glass Works v. Brennan*, 417 U.S. 188 (1974).................................. 7

*Distasio v. Perkin Elmer Corp.*, 157 F.3d 55 (2d Cir. 1998) ................................. 8

*Donovan v. Nekton*, 703 F.2d 1148 (9th Cir. 1983) .................................... 11, 13

*Donovan v. United Video, Inc.*, 725 F.2d 577 (10th Cir. 1984)............................ 12

*Douglas v. Argo-Tech Corp.*, 113 F.3d 67 (6th Cir. 1997)................................. 10

*Doyle v. U.S.*, 931 F.2d 1546 (Fed. Cir. 1991)................................................... 33

*Edwards v. Lujan*, 40 F.3d 1152 (10th Cir. 1994)............................................... 32

*Enzo Biochem v. General-Probe, Inc.*, 424 F.3d 1276 (Fed. Cir. 2005)................7

*Gonzales v. New England Tractor Trailer Training School*, 932 F. Supp. 697 (D. Md. 1996)..........................................................................................30

*Hultgren v. County of Lancaster*, 913 F.2d 498 (8th Cir. 1990)..........................33

*Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709 (1986)..................................9

*Jackson v. City of San Antonio*, 2006 U.S. Dist. LEXIS 62753 (W.D. Tex. 2006) ..........................................................................................................8

*Martin v. Cooper Electric*, 940 F.2d 896, 900 (3rd Cir. 1991)……………………….12

*Martin v. Indiana Michigan Power Co.*, 381 F.3d 574 (6th Cir. 2004)....................9

*Martin v. Malcom Pirnie, Inc.*, 949 F.2d 611 (2nd Cir. 1991)..............................10

*Mitchell v. Williams*, 420 F.2d 67, 69 (8th Cir 1969)……………..…………………13

*McClanahan v. Mathews*, 440 F.2d 320 (6th Cir. 1971)....................................33

*Morales v. Quintel Entertainment, Inc.*, 249 F.3d 115 (2d Cir. 2001) ....................9

*Mueller v. American Management Association Intn'l*, 368 F. Supp. 2d 1166 (D. Kan. 2004) ...........................................................................30

*Powell v. United States Cartridge Co.*, 339 U.S. 497, 516 (1950)…………………11

*Reich v. State of New York*, 3 F.3d 581 (2nd Cir. 1993) ...................................11

*Roney v. United States*, 790 F. Supp. 23 (D.D.C. 1992)....................................16

*SSA v. FLRA*, 201 F.3d 465 (D.C. Cir. 2000)....................................................33

*Saab Cars USA, Inc. v. United States*, 434 F.3d 1359 (Fed. Cir. 2006)................8

*Shockley v. City of Newport News*, 997 F.2d 18 (4th Cir. 1993) .........................11

*Wilks v. District of Columbia*, 712 F. Supp. 1383 (D.D.C. 1989).........................29

*Woolf v. Bowles*, 57 F.3d 407 (4th Cir. 1995) ...................................................32

## STATE CASES

*Hashop v. Rockwell Space Operations Co.*, 867 1287 (S.D. Tex. 1994)...........31

*Jackson v. City of San Antonio*, No. SA-0-CA-0049, 2006 WL. 2548545 (W.D. Tex. Aug. 31, 2006)........................................8,13

## FEDERAL STATUTES AND REGULATIONS

5 U.S.C. § 5596 ........................................31

29 U.S.C. § 213(a)(1)........................................5, 15,20

29 U.S.C. § 207(a)........................................5, 10

29 U.S.C. § 203(e)(2)........................................15

29 U.S.C. §204(f)........................................15

29 U.S.C. § 255(a)........................................29

5 C.F.R. 551.501........................................5, 32

5 C.F.R. 551.501........................................5, 32

5 C.F.R. § 551.104........................................19, 25,27

5 C.F.R. § 551.202(c) ........................................8, 10, 12, 14

5 C.F.R. § 551.207........................................16, 28

29 C.F.R. § 541.202(b)........................................15

29 C.F.R. 541.204(b)........................................28

29 C.F.R. § 541.303(a) ........................................17, 20,28

29 C.F.R. § 541.305........................................19

69 Fed. Reg. 22122 ........................................19

71 Fed. Reg.30301-03........................................21

71 Fed. Reg.30314-15........................................21

69 Fed. Reg. 22151 ........................................................................................ 19

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. | ) | |
| | ) | Case No. 05-248C |
| | ) | |
| Plaintiffs, | ) | (Judge Williams) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs respectfully submit Plaintiffs' Memorandum of Law in Support of Plaintiffs' Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment. As set forth below, based on the undisputed facts, plaintiffs are entitled to summary judgment with respect to defendant's liability under the overtime provisions of the Fair Labor Standards Act (FLSA) and the Court should reject defendant's attempt to avoid liability by alleging that plaintiffs qualify as "teachers" under the professional exemption to the FLSA.

Plaintiffs are classified by the Government as "law enforcement specialists" who assist in training law enforcement employees as to the safe,

accurate and justifiable use of firearms in the course of performing their jobs.[1] Plaintiffs' primary job duty is not teaching; rather, it is providing technical firearms training and the paramount knowledge required to perform plaintiffs' job is not teaching, but their ability to use and shoot firearms.

In support of plaintiffs' motion, plaintiffs rely upon the memorandum of law set forth below, the accompanying appendix filed under seal, plaintiffs' proposed findings of uncontroverted fact and plaintiffs' response to defendants' proposed findings of uncontroverted fact, all of which are filed concurrently with this motion pursuant to RCFC 56(h)(1) and (2). Accordingly, for the reasons set forth herein, plaintiffs are entitled to summary judgment as to defendant's liability under the FLSA and defendant's motion for summary judgment should be denied.

## STATEMENT OF THE QUESTIONS INVOLVED

1. Whether the United States can prove beyond a reasonable doubt that employees whom it has classified as "law enforcement specialists" and who administer firearms training to other law enforcement employees are "teachers" within the meaning of the professional exemption to the Fair Labor Standards Act?

2. Whether the plaintiffs are entitled to prejudgment interest, pursuant to the Back Pay Act, on backpay recovered as a result of the defendant's wrongful failure to pay FLSA overtime pay to the plaintiffs?

---

[1] See Defendant's Brief at 3 ("primary responsibility. the safe use of firearms, accuracy, justifiable use, as well as advanced tactics") and [plaintiffs'] position consists of . . . instructing students in firearms skills, safety and justifiable use of firearms.") (hereinafter page references to defendant's brief shall be designated "Def. Br. at _____.").

## STATEMENT OF THE CASE

This is an action pursued to recover unpaid FLSA overtime compensation for those occasions in which plaintiffs worked in excess of 40 hours in a week or 8 hours in a day. Plaintiffs are GS-12 and GS-13 law enforcement specialists who are currently or formerly assigned to set up firearms courses and train students at the Federal Law Enforcement Training Center ("FLETC"), a bureau with the Department of Homeland Security (DHS). Although plaintiffs' employing agency has not classified plaintiffs as teachers nor even in the "education series" of occupational codes established by the Office of Personnel Management (OPM), defendant now contends that plaintiffs are exempt from overtime coverage as teachers under the professional exemption to the FLSA.[2]

The parties' cross motions are limited to defendant's liability under the FLSA – it is undisputed that plaintiffs have worked overtime without receiving FLSA overtime compensation during the relevant period -[3] and to the issue of whether plaintiffs are entitled to interest on their back overtime wages.

## STATEMENT OF FACTS

For their statement of facts, plaintiffs rely upon Plaintiffs' Proposed Findings of Uncontroverted Fact ("PPFUF") and Plaintiffs' Response to Defendant's Proposed Findings of Uncontroverted Fact (DPFUF) filed concurrently with this brief. Plaintiffs provide the following brief background.

---

[2] As explained *infra*, the witness defendant produced under RUSC 30(b)(6) to testify regarding the application of the FLSA to plaintiffs testified that she thought the only exemption that might apply to them was the administrative exemption. Plaintiffs' Statement of Uncontroverted Fact, ¶ 33.

[3] Def. Br. at 2-3. ("[Plaintiffs"] often worked one or two Saturdays or in the evenings. For these scheduled hours in addition to the [plaintiffs'] usual forty-hour work schedules. . . . "Plaintiffs' Statement of Uncontroverted Fact, ¶ 37.

Plaintiffs are classified by their employing agency, DHS, as law enforcement specialists in the occupational series in which the most important job duties, knowledge and responsibilities are criminal inspection, investigation and compliance. OPM has a separate classification job series for employees for whom the paramount knowledge and skill is teaching, and plaintiffs' jobs have not been classified as being in that series. It is undisputed that plaintiffs' jobs are properly classified.

Plaintiffs train other federal law enforcement employees in firearms safety, use and tactics. They spend the overwhelming majority of their workday at a firing range observing law enforcement employees shoot weapons, providing commands on when to shoot, and reviewing the marksmanship and safety of the employees discharging their weapons. The primary training plaintiffs themselves receive to prepare to perform this work is to actually conduct the training alongside another law enforcement specialist instructor. Plaintiffs are not certified as teachers, trainers, or instructors.

The Federal Law Enforcement Training Center ("FLETC") is, as its name suggests, a training center for persons currently employed in law enforcement positions by the defendant. It is undisputed that it was unaccredited as to anything until March 23, 2006, at which point it was accredited by an entity within FLETC as a training center. (Defendant's Appendix at 62). It has never been accredited by a national, independent entity as a vocational, educational or other type of establishment.

## SUMMARY OF ARGUMENT

Plaintiffs are employed as GS-1801-12 and GS-1801-13 law enforcement specialists (instructors) at FLETC. Defendant acknowledges that the plaintiffs have worked substantial amounts of overtime hours without receiving overtime compensation under section 7(a) of the FLSA, 29 U.S.C. § 207(a), and OPM regulation 5 C.F.R. § 551.501. Defendant, however, contends that plaintiffs are exempt from the overtime provisions of the FLSA as "teachers" under the professional exemption.

Defendant bears the burden of proving the exemption and, if there is a reasonable doubt as to its application to the plaintiffs, the plaintiffs must be treated as FLSA non-exempt (i.e., covered by the overtime protections of the FLSA). Moreover, exemptions to the FLSA are to be narrowly construed and it is an abuse of the interpretative process to expand the exemptions beyond the plain meaning as written in the statute.

The exemption on which defendant relies is for teachers under the professional exemption. The statute, 29 U.S.C. § 213(a)(1), in which this exemption appears provides that it applies to "teacher[s] in elementary or secondary schools." The U.S. Department of Labor (DOL) and Office of Personnel Management (OPM) regulations further define the professional exemption for teachers to clarify that its application is limited to employees who have, as their primary job duty, "imparting knowledge;" who consistently exercise discretion and judgment with respect to work that is varied and complex rather than work primarily involving skill; and who are employed in an educational

establishment. OPM's proposed regulations for the FLSA further elaborate on this criterion distinguishing between employees whose paramount knowledge is the ability to teach, who are FLSA exempt, and employees whose knowledge is knowledge of and the ability to perform a skill – who are employees covered by the FLSA.

In the instant case, the undisputed evidence raises sufficient doubt as to plaintiffs' primary duty allegedly being to perform work as a "teacher" within the meaning of the professional exemption that plaintiffs are entitled to summary judgment as a matter of law. Under OPM's detailed occupational classification system, plaintiffs are classified not as teachers, instructors or educators, but as law enforcement specialists in the job series for criminal inspection, investigation and compliance series. This is not because OPM does not have a relevant occupational series for persons who have teaching as their primary duty. The 1700 series, which plaintiffs are not in, covers the general education and training occupations. This is significant because, among other things, OPM defines an employee's primary duty for purposes of the FLSA exemption as job duties that govern the employee's position. Furthermore, defendant's own witness designated to bind the Government with respect to the application of the FLSA to plaintiffs testified that the sole FLSA exemption that could apply to the plaintiffs is the administrative exemption – the professional exemption, let alone exempting the plaintiffs as teachers in particular, did not come to mind at all.

In the course of their work, plaintiffs do not exercise discretion and independent judgment; instead, they are required to follow detailed guidelines

and procedures. They do not grade the employees; they do not use or prepare handouts or power point presentations. They are trainers whose paramount knowledge is not teaching, but their ability to use firearms in a safe and proficient manner.

Finally, plaintiffs are not teachers within the meaning of the professional exemption because they are not employed by an "educational establishment." FLETC is a training facility in which federal government law enforcement employees receive training from other persons employed in law enforcement by the Government. FLETC is not accredited by an independent, nationally recognized entity. The trainees are not assigned to FLETC to receive degrees or to receive continuing education credits toward a degree. They are at FLETC to receive basic skills training from their employer. Accordingly, because FLETC is not an "educational establishment" within the meaning of the professional exemption, defendant's motion should be denied and plaintiffs' motion for summary judgment granted.

## ARGUMENT

I. The Standard of Review

As the Federal Circuit has instructed, "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Enzo Biochem v. Gen-Probe, Inc*., 424 F.3d 1276, 1284 (Fed. Cir. 2005)citing *Anderson v*. *Liberty Lobby*, 477 U.S. 242, 254 (1986). An assertion that an employee is excluded from coverage under the FLSA is an affirmative defense on which the defendant-employer — in this case

the United States — bears the burden of proof. *E.g., Corning v. Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Berg v. Newman,* 982 F.2d 500, 502 (Fed. Cir. 1992). 5 C.F.R. § 551.202(c).

Summary judgment is mandated when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (1986). The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex,* 477 U.S. at 322. Indeed, summary judgment is "mandated" when "the evidence is insufficient to support the non-moving party's case." *Distasio v. Perkin Elmer Corp.,* 157 F.3d 55, 61 (2d Cir. 1998). *See Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1369 (Fed. Cir. 2006) (party with the burden of proof on an issue must "provide evidence sufficient, if unopposed, to prevail as a matter of law").

A district court recently described the impact of the substantive burden in an FLSA action on summary judgment as follows:

> [T]he Court should note that the applicability of an exemption (and consequently inapplicability of the FLSA's general overtime pay requirement) is an affirmative defense, not a denial, and as such the [employer] bears the burden of proving it. This substantially raises the hurdle the [employer] must overcome to win summary judgment. As the Fifth Circuit recently stated, "To obtain summary judgment, if the movant bears the burden of proof on an issue because as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the defense to warrant judgment in his favor."

*Jackson v. City of San Antonio*, 2006 U.S. Dist. Lexis 62753 at *11 (W.D. Tex. 2006)(copy attached).

Consequently, because of this shifting of the burden of proof, plaintiffs are "entitled to summary judgment unless the defendant can come forward with evidence at least creating a genuine issue of material fact as to whether [plaintiffs] meets each and every element of the [professional teacher] exemption." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004)(Summary judgment entered against employer who failed to establish element of the claimed FLSA)exemption.) "If [Defendant] fails to proffer such evidence, not only must its motion for summary judgment be denied, but summary judgment for [Plaintiff] must be granted." *Id.* F.3d at 578. [4]

Finally, in assessing whether a defendant in an FLSA case has met its burden, the issue of how employees spend their time working is a question of fact, but "whether their particular activities excluded them from overtime benefits of the FLSA is a question of law." *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, (1986).

## II. The Plaintiffs are Entitled to Summary Judgment Because Defendant Has Failed to Prove that the Law Enforcement Specialists' are "Teachers" within the Meaning of the Professional Exemption to the FLSA

### A. Exemptions to the FLSA are Narrowly Construed and There is a Presumption that Employees are Entitled to Overtime Compensation.

#### 1. Defendant Bears the Burden of Proving Plaintiffs are Teachers Within the Meaning of the Professional Exemption

[4] Where, as here, parties submit cross motions for summary judgment, the standard is the same as that for individual motions. *See Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

Section 7(a) of the FLSA (29 U.S.C. § 207(a)) sets forth the general requirement that employees must be paid overtime compensation for hours worked in excess of 40 hours per week. Under the FLSA there is "a presumptive rule that employees who work more than forty hours in a week must receive overtime." Martin v. Malcom Pirnie, Inc., 949 F.2d 611, 614 (2nd Cir. 1991); Abundis v. U.S., 18 Cl. Ct. 657, 663 (1988). As the United States Court of Federal Claims explained in Abundis v. U.S.:

> The plaintiff merely has to show that he or she is an employee covered by the FLSA, and the burden shifts to [the government] to justify the exempt status.
>
> * * * * * *
>
> That is, are, or were, plaintiffs covered employees, and if so, has the defendant demonstrated that they are exempt?

18 Cl. Ct. at 663.

Here, the Government has the burden of overcoming the plaintiffs' presumptive entitlement to overtime pay by proving that the plaintiffs' primary duty is as "teachers" within the meaning of the professional exemption to the FLSA. That the Government bears the burden of proof is explicitly reiterated in the OPM regulations which state: "The burden of proof rests with the agency that asserts the exemption." 5 C.F.R. § 551.202(c).

To meet this burden, the employer must prove that the employees meet each and every one of the elements of the claimed exemption. As the Federal Circuit explained, "[t]he Government has the burden to show that the [employees] meet the criteria for the [claimed] exemption." Berg v. Newman, 982 F.2d 500, 503 (Fed. Cir. 1992). See *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 70 (6th Cir.

1997); Amshey v. U.S., 26 Cl. Ct. 586, 590 (1992) ("the employer clearly has the burden of establishing a claimed exemption.").

2. Principles to Consider in Assessing Whether Defendant Can Meet its Burden of Proof

There are a number of well-established principles to consider when assessing whether the defendant has met its burden of proving that the plaintiffs qualify as professional teachers. These principles stem from the FLSA's status as the nation's basic minimum wage and overtime law which sets forth a floor level of wage and hour protections for employees. As such, it is a broad remedial statute that must be liberally construed “"to apply to the furthest reaches" consistent with Congress' goal of providing employment protection. Mitchell v. Lublin, McGaughy & Associations, 358 U.S. 207, 211 (1959). E.g., Amshey v. U.S., 26 Cl. Ct. 582, 589-90 (1992). Thus, "breadth of coverage" is "vital to [the Act's] mission." Powell v. United States Cartridge Co., 339 U.S. 497, 516 (1950).

Consistent with the goal of broad coverage, exemptions to the Act are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960). FLSA exemptions are not given "generous application." *Reich v. State of New York*, 3 F.3d 581, 586 (2nd Cir. 1993). The employer's burden of proof can only be satisfied by "clear and convincing evidence that an employee qualifies for exemption." *Shockley v. City of Newport News*, 997 F.2d 18, 21 (4th Cir. 1993). *E.g.., Donovan v. United Video, Inc.*, 725 F.2d 577, 581 (10th Cir. 1984).

The Office of Personnel Management ("OPM") regulations also recognize that claimed exemptions are narrowly construed against the employer/agency who asserts them:[5]

**5 CFR § 551.202 General principles governing exemptions**:

In all exemption determinations, the agency must observe the following principles:

(a) Each employee is presumed to be FLSA nonexempt unless the employing agency correctly determines that the employee meets one or more of the exemption criteria of this subpart and such supplemental interpretations or instructions issued by OPM.

(b) Exemption criteria must be narrowly construed to apply only to those employees who are clearly within the terms and spirit of the exemption.

(c) The burden of proof rests with the agency that asserts the exemption.

(d) An employee who clearly meets the criteria for exemption must be designated FLSA exempt. If there is a reasonable doubt as to whether an employee meets the criteria for exemption, the employee should be designated FLSA nonexempt.

If a reasonable doubt remains about whether or not an employee's job duties meet the test for a claimed exemption, the employee is entitled to receive FLSA overtime pay. "[I]f the record is unclear as to some exemption requirement, the employer will be held not to have satisfied its burden" and judgment must be entered in favor of the employees." *Martin v. Cooper Electric*, 940 F.2d 896, 900

[5] In *AFGE v. OPM*, 821 F.2d 761 (D.C.Cir. 1987), the D.C. Circuit struck down an OPM regulation that presumed that employees at the GS-11 pay grade or above were exempt from the FLSA. The court explained that this violated the long-standing intent of Congress that exemptions to the FLSA be narrowly construed, that employees be presumed exempt and that exemption determinations be based on employees' actual job duties. OPM subsequently revised its FLSA regulations to incorporate these principles.

(3rd Cir. 1991). *See, e.g., Bratt v. County of Los Angeles*, 912 F.2d 1066, 1069 (9th Cir.), *cert. denied*, 111 S.Ct. 962 (1991); *Mitchell v. Williams*, 420 F.2d 67, 69 (8th Cir. 1969).

Finally, consistent with the breadth of coverage of the FLSA, courts should reject employers' attempts to extend exemptions beyond their plain meaning. *Donovan v. Nekton*, 703 F.2d 1148 (9th Cir. 1983) *quoting A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 493, 89 L. Ed. 1095, 65 S. Ct. 807 (1945). As explained in a recent case involving police officers, "[a]ny exemption . . . must . . . be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people." *Jackson v. City of San Antonio*, No. SA-0-CA-0049, 2006 WL 2548545, at 4 (W.D. Tex. Aug. 31, 2006) quoting *A.H. Phillips Inc. V. Walling*, 324 U.S. 490, 493 (1945).

3. The Agency Must Prove that the Employees' Actual Day-to-Day Duties Meet Each of the Tests for a Claimed Exemption

Determinations as to exempt status are based on the employees' actual day-to-day work activities, "not by the employer's characterization of those activities through a job title or job description." *Cooke v. General Dynamics Corp.*, 993 F.Supp. 56, 61 (D. Conn. 1997). *Berg v. U.S.*, 982 F.2d 500, 502 (Fed. Cir. 1992). OPM expressly recognized this principle in its regulation governing the application of FLSA exemptions:

> The designation of an employee as FLSA exempt or nonexempt ultimately rests on the duties actually performed by the employee.

5 CFR § 551.202(i). This means that an FLSA exemption determination cannot be made on the basis of a job title, a position description, or an employee's pay grade. See 29 CFR § 541.202(b).

The Federal Circuit's decision in *Berg v. Newman*, 982 F.2d 500 (Fed. Cir. 1992) is instructive. In *Berg,* the Government's evidence consisted of the employees' job descriptions and two statements from agency classifiers. The court concluded that "the record does not suffice to show that [the employees'] day-to-day duties fall within the administrative exemption." The court noted that the position descriptions did not provide evidence describing the employees' specific job duties nor what they actually do on a day-to-day basis. <u>See</u> <u>Adams v. U.S</u>., 26 Cl. Ct. 782, 786 (1992)(reversal of Court of Claims decision based on position descriptions). Accordingly, the court reversed and remanded a District Court's ruling on summary judgment. The court explained that an FLSA exemption determination must be based on "an examination of the day-to-day work of [the] employee." Id. at 502. Similarly, here, defendant cannot rely on position descriptions to meet its burden of proving that plaintiffs' primary duty is as professional teachers. Instead, whether plaintiffs are professional teachers must be based on plaintiffs' actual day-to-day job duties.

B. The Exemption for Teachers is Limited to Those Whose "Primary Duty" is to Work as Teachers for an Educational Establishment

Defendant attempts to expand the professional exemption for teachers to include employees who work at training facilities providing training where the paramount knowledge of the position is the ability to perform a particular aspect of a job – in this case the ability to use a firearm. This is contrary to the plain

meaning of the term " teacher" as used in the statute and is contrary to the U.S. Department of Labor and OPM regulations. Moreover, the position of teacher is not reflected in defendant's classification of plaintiffs' job, is not reflected in the plaintiffs' day-to-day job duties, and it is contrary to common sense.

The professional exemption for "teachers" arises from Section 213(a)(1) of the Act, 29 U.S.C. § 213(a)(1), which states, in relevant part, that the FLSA overtime provisions do not apply to

> any employee employed in a bona fide . . . professional capacity (including any . . . teacher in elementary or secondary schools.).

Section 13(a)(1) does not otherwise define the term "professional" or "teacher." Instead, Section 213(a)(1) contains an express grant of statutory authority to the Secretary of Labor to define and delimit these terms. The Secretary has done so through the promulgation of regulations.

As defendant explained in its brief, at page 5-6, the FLSA has applied to the federal government since 1974. 29 U.S.C. § 203(e)(2). OPM administers the FLSA in the federal sector. 29 U.S.C. §204(f). In doing so, OPM is obligated to "exercise its administrative authority in a manner that is consistent with the Secretary of Labor's implementation of the FLSA." *AFGE v. OPM*, 821 F.2d 761, 770 (D.C. Cir. 1987). As the Court of Federal Claims has noted, "If [the courts] were to find that OPM's regulations are inconsistent with the FLSA, . . . [the courts] would be forbidden from enforcing those regulations so as to preclude an otherwise valid claim under the statute." *Adams v. United States*, 26 Cl. Ct. 782, 786 (1992).

Even where OPM's regulations are consistent with DOL regulations, "the DOL regulations can be used to shed light on the statute." Id. As the Court of Federal Claims has explained:

> Other than the statute itself, the OPM regulations are obviously the first point of reference that federal employers must use in implementing the FLSA. But in construing those regulations, the court is not barred, but rather is encouraged to consider the DOL's regulations and other interpretations of the statute. Although the OPM regulations are presumptively controlling, both sets of regulations are of value to the court. See American Fed'n of Gov't Employees v. OPM, 821 F.2d 761, 769-71 (D.C. Cir. 1987); Roney v. United States, 790 F. Supp. 23, 25 (D.D.C. 1992); Amshey v. United States, 26 Cl.Ct. 582, 590-591 (Cl.Ct. 1992). In several instances, certain provisions of the OPM regulations mirror provisions of the Labor regulations. The Labor regulations provide more detailed definitions of those common terms.

*Adams v. U.S.,* 26 Cl. Ct. at 786.

Thus, the DOL regulations and opinion letters, and cases interpreting those regulations, are helpful in interpreting the professional teacher exemption on which the Agency relies as a defense to its failure to comply with the FLSA.

OPM defines the term professional in its regulation at 5 C.F.R. § 551.207, in relevant part, as "an employee who meets all of the following criteria [outlining a primary duty test][6] or any teacher who is engaged in the imparting of knowledge or in the administration of an academic program." The Department of Labor's current regulation concerning the professional exemption provides– "The term employee

[6] The regulation provides as "the following criteria" mentioned in the introductory clause: (a) Primary duty test. The primary duty test is met if the employee's work consists of (1) work that requires knowledge in a field of science or learning. . (2)Intellectual and varied work. The employee's work is predominantly intellectual and varied in nature requiring creative, analytical, evaluative or interpretative thought processes for satisfactory performance; (c) Discretion and independent judgment test. The employee frequently exercises discretion and independent judgment under only general supervision in performing the normal day-to-day work."

employed in a bona fide professional capacity . . . means any employee with a ***primary duty*** of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303(a)(emphasis supplied). Thus, both the DOL and OPM regulations contain a two part test – to be excluded from FLSA coverage as a "teacher," an employee must (1) have as his primary duty working as a "teacher" in the activity of imparting knowledge; and (2) be employed by an educational establishment.

Defendant argues that there is no requirement that to be exempt an employee must work as a "teacher" as his or her primary duty. This is in error. The pertinent DOL regulation expressly states that to be excluded from FLSA coverage as a teacher, an employee must have as the "primary duty" teaching in an educational establishment. 29 C.F.R. § 541.303(a). For example, in an October 13, 2005 opinion letter, Plft. App. 202-03,[7] the DOL considered whether instructors at a beauty school qualified as "teachers" under the professional exemption. DOL expressly stated that to qualify as "teachers," the instructors would be required to have teaching, within the meaning of the professional exemption, as their primary duty. In doing so, DOL cited its regulation defining the phrase "primary duty" and left absolutely no doubt as to whether a primary job duty test applies to the professional exemption for teachers.

---

[7] References to pages in the Plaintiffs' Appendix filed with this memorandum are designated, "Pltf. App.______."

Indeed, it would be nonsensical if, as defendant urges, an employee need not have teaching as their "primary duty" to be exempted from FLSA coverage as a professional teacher. Otherwise, an employer only would need to label an employee a "teacher" or an "instructor" to exempt the employee as a professional teacher. The term "teacher" or "instructor" is not like some magic incantation an employer can use to insulate itself from FLSA liability.[8] Instead, as OPM's regulations explicitly require of all of the FLSA exemptions, to establish that an employee is excluded from FLSA coverage, an employer must prove that, based on the actual job duties the employee performs, the employee's "primary duty" is to perform the job duties of a professional teacher.

In the federal sector, "the general rule of thumb is that the employee's primary duty consists of the activity comprising fifty percent (50%) or more of an employee's work time." 5 C.F.R. § 551.104 (definition of "*primary duty").* Duties that constitute less than 50% of an employee's work time constitute an employee's primary duty only if the job duty:

> (1) Constitutes a substantial, regular part of a position;
>
> (2) Governs the classification and qualification requirements of the position; ***and***
>
> (3) It is clearly exempt work in terms of the basic nature of the work, the frequency with which the employee must exercise discretion and independent judgment, and the significance of the decisions made.

*Id.*

---

[8] Interestingly, other than for purposes of insulating itself from FLSA liability, the defendant itself does not consider the plaintiffs to be teachers. It has not classified plaintiffs as "teachers" under OPM's occupational classification system nor has it even included them in the "education series' of occupations. See pp. 22-24 *infra*.

### C. To Qualify as a Teacher Under the Professional Exemption, an Employee Must Consistently Exercise Discretion and Independent Judgment With Respect to Professional Work

To qualify as a teacher under the professional exemption, an employee must consistently exercise independent judgment and discretion in the "imparting of knowledge" to employees. As DOL explains in the preamble to its 2004 exemption regulations:

> The Department has been unable to identify any occupation that would meet the primary duty test for the professional exemption, but not require the consistent exercise of discretion and judgment. . . . The Department continues to agree that a prime characteristic of professional work is the fact that the employee does apply his special knowledge or talents with discretion and judgment. And did not intend to delete this concept from the professional duties test."

69 Fed. Reg. 22151. (Citing to previous DOL regulation 541.305(b)).[9] DOL's previous regulation applying the professional exemption, including teachers, required the consistent exercise of independent judgment and discretion and stated that " [a] prime characteristic of professional work is the fact that the employee does apply his special knowledge . . . with discretion and judgment. Pure mechanical or routine work is not professional." 29 C.F.R. § 541.305.[10]

[9] Obviously, the "special knowledge or talents" referenced in this comment with respect to the professional teacher exemption are with respect to the ability to teach.

[10] The Secretary of Labor issued new regulations on April 23, 2004 defining and delimiting the exemptions for executive, administrative and professional employees. Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees; Final Rule, 69 Fed. Reg. 22122 (April 23, 2004) (to be codified at 29 C.F.R. pt. 541). The new rules updated and clarified the existing rules under Part 541 of the C.F.R., which had not been updated since 1975. See 69 Fed. Reg. at 22122. As the Secretary of Labor explained, the new regulations consolidate "the former regulations and interpretations into a unified set of rules and . . . provide needed simplification and more clarity to a complex regulation." 69 Fed. Reg. at 22122, 22127.

The term "teacher," which appears in the statute at 29 U.S.C. § 213(a), is not defined in either the OPM or DOL regulations. However, consistent with the principles governing interpretation of the teacher exemption, it should be narrowly construed and it should be given its plain meaning consistent with the terms and spirit of the exemption as set forth in the statute. The term "teacher" is referenced In the FLSA and the DOL regulations in the context of an academic, school setting. Section 213(a)(1), 29 U.S.C. § 213(a)(1), states that the exemption is limited to "any employee employed in a bona fide . . . professional capacity **(*including any employee employed in the capacity of . . . teacher in elementary or secondary schools.***)*"* (emphasis supplied). The applicable DOL regulation, 29 C.F.R. § 541.303(c), discusses that the possession of an elementary or secondary teacher's certificate, though not required, provides a clear means of identifying the individuals contemplated within the scope of the professional teacher exemption. Finally, both the DOL and OPM regulations require that to be exempted as a professional teacher, an employee must be employed as a teacher in an "educational establishment." None of the regulations suggest that an employer's training of its own employees in a job skill constitutes teaching within the meaning of the professional exemption.

Indeed, in its proposed FLSA regulations issued last year, OPM itself recognized the distinction between "training" employees in a skill versus "teaching" persons a new occupation. OPM explains: "Exempt teachers do not include teachers of skilled and semi-skilled trade, craft and laboring occupations when the paramount knowledge is the knowledge of and the ability to perform the trade, craft,

or laboring occupation. Conversely, if the primary requirement of the post-secondary education instructor is the ability to instruct as opposed to knowledge of and ability to perform a trade, craft, or laboring occupation, then the position may be exempt." 71 Fed. Reg.30314-15, Plf. App. 195-197. While this proposed regulation is not binding on the court, it is instructive in differentiating between employees whose primary duty is teaching and those who merely provide training.[11]

To be sure, as defendant points out, DOL includes teachers at schools vocational occupational schools such as truck driving or flight schools within the professional exemption. However, this extension of the professional exemption should be seen as the outer reaches – the limit — to which the exemption can be applied without running afoul of the plain meaning of the statute, which limits the exemption to teachers in "elementary and secondary schools." Even teachers in truck driving and flight schools are teaching students who are attending school to learn an entirely new occupation. The students and the teachers do not have the same employer and the students are not employees of the school. The students themselves have paid to learn an occupation. Extending the exemption for teachers under the professional exemption to employees, such as here, who are training other employees who work for the same employer, and who are training a

---

[11] OPM explained that the purpose of the proposed regulations is merely to update and harmonize OPM's regulations with the DOL's 2004 exemption regulations. 71 Fed. Reg.30301-03, Pltfs App. 187-188. The proposed OPM regulations explain, in detail, which type of federal employees fall within the professional exemption as teachers and which type of trainer do not; unfortunately, the existing regulations do not provide specific assistance at all with respect to identifying the type of work that characterizes a "teacher" within the

skill would be to fail to give due regard to the statutory language of the FLSA limiting the professional exemption to "teacher[s] in elementary and secondary schools" and would constitute an "abuse [of] the interpretative process." See *A.H. Phillips Inc. V. Walling*, 324 U.S. 490, 493 (1945).

D. Plaintiffs Do Not Perform the Work of a Professional Teacher as Their Primary Job Duty

1. Plaintiffs' Primary Duty Cannot be Reasonably Construed as "Teaching" within the Meaning of the Statute; Defendant Itself has not Classified Plaintiffs as Teachers but as Law Enforcement Specialists

The knowledge, duties and responsibilities of a position are the "driving force' in classifying a position in the proper occupational series. Under OPM's comprehensive and detailed classification program for positions in the federal government, it is undisputed that plaintiffs' jobs are properly classified by their employer in the 1801 occupational code as law enforcement specialists. (PPFUF ¶ 10, 13-14).[12] The 1800 occupational series, which includes the 1801 job code in which the plaintiffs are employed, includes only jobs in which the paramount job duties, knowledge and responsibilities are criminal inspection, investigation and compliance. (PPFUF ¶ 10).

Under OPM's Position Classification Standards, there is a job series that specifically covers General Education and Training positions in which the primary knowledge, job duty and responsibility is teaching. (PPFUF ¶ 12). The GS-1700 series covers positions primarily involved in work in the field of education and training. This is the series in which federal government agency employers

[12] The witness that defendant produced pursuant to a RUSCFC 30(b) deposition notice regarding classification confirmed that plaintiffs are properly classified in the GS-1801 series as firearms instructors. (PPFUF ¶ 11).

classify their employees whose primary duty is to teach in the field of education and training whether it be vocational occupations, non-professional technical education, "program development, evaluation, or instruction" or coordination and administration of educational and training programs. (PPFUF ¶ 12).

The fact alone that plaintiffs' employer did not classify plaintiffs in a job series in which the primary job duty, responsibilities and knowledge is teaching is sufficient to create a "reasonable doubt" as to whether plaintiffs are exempt from the FLSA as professional teachers. This doubt is magnified by the testimony of defendant's own witness who defendant designated to testify on the topic of the Government's consideration and application of the FLSA to the plaintiffs' jobs. She testified that the GS-1801 law enforcement specialist, firearms instructor position was classified under the administrative exemption and that this is the **only** exemption under the FLSA that could apply to the plaintiffs. (PPFUF ¶ 33). Thus, it did not even cross the mind of defendant's hand-picked witness produced in response to a RUSCFC 30(b)(6) to classify plaintiffs as "teachers" who are exempt under the professional exemption to the FLSA.[13]

Indeed, based on plaintiffs' primary job duties it is not surprising that defendant's own witness would not consider plaintiffs "teachers" to whom the professional exemption applies. An employee's "primary duty" is a job duty that

[13]OPM's FLSA regulations define "FLSA exemption status" as an "employee's designation by the employing agency . . . ." Here, the employing agency designated the administrative exemption as the only applicable exemption and did so through the Government's designated RUSFCC 30(b)(6) witness. Yet, contrary to the OPM regulation, in their briefs, the Government's attorneys on their own (rather than the employing agency) are straining to somehow fit the plaintiffs into the professional exemption by contending plaintiffs are "teachers.'

"governs the classification and qualification requirements of the position." 5 C.F.R. 551.104 (definition of "primary duty).

Moreover, it is undisputed that teaching experience or training is not a qualification requirement to hold the law enforcement specialist position. There are no educational requirements whatsoever to be a firearms instructor at FLETC. Instead, law enforcement experience and firearms ability are the primary qualification for the job. (PPFUF ¶ 7-8, 21).

Indeed, the "continuing education requirements that *the defendant* cites belie any claim that teaching is plaintiffs' primary responsibility. Plaintiffs maintain certification in CPR, safety, hazardous materials handling, trauma and annual shooting qualifications. (Def. Br. at 15). These are not teaching certifications, and with one exception, are certifications necessary in case some hazard or accident occurs on the firing range. The one exception – annual shooting qualification – is necessary simply to show that the plaintiffs themselves can adequately use a gun.

The plaintiffs' primary job duty is to train law enforcement officers to use firearms properly, safely and proficiently. They spend at least 70% of their work time on the firing line, where they have a dual responsibility for safety and training. (PPFUF ¶ 16-17). Specifically, their job is to ensure that the law enforcement officers shooting at the targets hold and handle the weapons in a safe manner, and to assess how well the officers hit the target so as to assess their marksmanship skills. (PPFUF ¶ 17).

Each firearms course such as “Basic Shotgun,” “Pistol Shooting” or M-16 Rifle” is called a program. The plaintiffs do not have to prepare for the programs because basic marksmanship is a skill that changes little over time. The paramount knowledge is knowledge of how to shoot the weapon. (PPFUF ¶ 19).

When the plaintiffs serve as “course coordinators” they give a 1-2 hour talk on the basic skills of firearms usage (i.e., nomenclature, stance, grip, sight alignment, trigger control, sight picture, follow through, breath control). They set-up the range, meaning they engage in the manual labor of collecting the weapons and ammunition. The course coordinator works in a tower. The tower is about 50 yards from the firing line and the course coordinator calls out the various stages of the course of fire and operates the targets. When and how to give these commands is set out in lesson plans and the lesson plans have been unchanged for many years.

Plaintiffs’ day-to-day work activities involve training in the safe and accurate use of firearms by watching people shoot the firearms and giving commands on when to shoot. To expand the statutory exemption for “teachers in elementary or secondary schools” to include employees training other employees on firearms whom the employees’ own employing agency did not classify as teachers would be to “abuse the interpretative process” and would be contrary to the Supreme Court’s and OPM’s repeated instruction to narrowly construe exemptions to the FLSA.

2. Plaintiffs Do not Exercise Independent Judgment and Discretion in Their Jobs

As explained above, in addition to the other criteria defendant must prove to establish the professional exemption for teachers, defendant must prove that plaintiffs' consistently exercise independent judgment and discretion with respect to teaching. As OPM explains, to qualify as the exercise of "discretion and independent judgment" within the meaning of the exemptions to the FLSA, "the work must be sufficiently complex and varied." 5 C.F.R. 551.104 (definition of "discretion and independent judgment"). This requirement "precludes exemption an employee who performs work primarily requiring skill in applying standardized techniques or knowledge of established procedures, precedents, or other guidelines which specifically govern the employee's action." *Id.*

Plaintiffs engage in firearms training in strict conformance with written lesson plans, a detailed instructor's guide, and in accordance with detailed S.O.P.s. (PPFUF ¶ 23). Indeed, failure to follow the S.O.Ps or lesson plans is grounds for discipline. *Id.*

Although defendant flippantly and without evidentiary support asserts that plaintiffs exercise independent judgment "like all teachers" by allegedly using an "individual teaching style and communication skill,"[14] the evidence shows otherwise. Unlike "teachers," plaintiffs do not prepare power point presentations or handouts for training. They do not determine program objectives or choose the courses to be given. (PPFUF ¶ 24). They spend very little time working on lesson plans. The lesson plans are updated every two years, and the plaintiffs do not develop them on their own. The "update" consists of nothing more than "changing the cover page and putting a new date on it or to make changes in

[14] Defendant's Br. at 8. Defendant provides no support for this statement.

format grammar and font. Even in these instances, any changes must be approved by the Branch Chief and Division Chief in firearms. (PPFUF ¶ 25). In truth, plaintiffs spend less than 1%-3% of their time updating lesson plans. (PPFUF ¶ 26).[15]

The plaintiffs do not provide grades or report cards. Instead, they perform the technical task of counting the bullet holes in a target during the "qualification course." (PPFUF ¶27). A qualification course consists of individuals firing shotguns, rifles, pistols or submachine guns at targets. (PPFUF ¶ 29).

Finally, plaintiffs do not determine whether law enforcement officers who train at FLETC are qualified to be law enforcement officers. That is the exclusive determination of an officer's employing agency. (PPFUF ¶ 31).

Defendant has failed to establish that plaintiffs consistently exercise independent judgment and discretion with respect to performing the work of a professional teacher. They spend minimal amount of time working on lessons plans (1-3% of their work time), and when they do work on them, it is generally only to make minor changes. Plaintiffs are required to follow detailed prescribed procedures in administering training; do not grade training participants nor do they judge whether they pass or fail a course or are qualified or unqualified. These activities do not come close to qualifying as they type of discretion and independent judgment within the meaning of the OPM and DOL regulations.

E. The Federal Law Enforcement Training Center is a Training Center and not an Educational Establishment

[15] Defendant describes work on the firing line as "classroom training." DPFUF ¶ 41 and plaintiffs' response attached hereto.)

The DOL and OPM regulations both require that to prove that an employee is a professional teacher, the employee must be employed as a teacher in "an educational establishment." 5 C.F.R. § 551.207; 29 C.F.R. 541.303(a). OPM does not define "educational establishment." DOL defines the term as —

> The term 'educational establishment' means an elementary or secondary school system or institution of higher education or other educational institution. . . . The term 'other educational establishment' includes special schools for mentally or physically disabled or gifted children, regardless of any classification of such schools as elementary, secondary or higher. Factors relevant in determining whether post-secondary career programs are educational institutions include whether the school is licensed by a state agency responsible for the state's educational system or accredited by a nationally recognized accrediting organization for career schools. . . .

29 C.F.R. 541.204(b).

Although defendant, without support, refers to its training facilities as "campuses," the truth is that FLETC is simply, as it is explicitly identified in its name, a training center. It operates as a training facility to benefit federal agencies by training law enforcement employees in basic law enforcement skills to help them maintain their ability to perform their jobs. (PPFUF ¶ 1-2) The employees who attend the training are already employed by the federal government and the time they spend at the training facility is counted as "work time" for purposes of computing their entitlement to compensation. (PPFUF ¶ 3)

FLETC is neither an academic institution nor a vocational school. Law enforcement officers who come to FLETC cannot and do not obtain a

firearms degree nor can they obtain a high school or college degree by completing courses at FLETC. (PPFUF ¶ 5-6). They are simply learning from their employer how better to perform their current jobs.

There is no accreditation process that certifies the plaintiffs as instructors or teachers. Moreover, FLETC itself is not accredited by any outside entity or "nationally recognized accrediting organization for career schools."

Defendant attempts to qualify the training facility as an educational establishment by claiming that FLETC has been "accredited" by the "Federal Law Enforcement Training Accreditation Board." Initially, it should be noted that FLETC was not "accredited" by this entity until March 23, 2006, more than 4 years beyond the time period covered in this case.[16] (DA 62).[17] Moreover, FLETC was not accredited as a "school" or educational establishment, but as a law enforcement training center. Further, FLETA is not an independent accreditation entity or nationally recognized accrediting entity for career schools; rather, it is part of FLETC. In essence, FLETC has accredited its own training facility.

The decisions defendant cites are inapposite. In *Wilks v. District of Columbia*, 712 F.Supp. 1383, 1386 (D.D.C. 1989), unlike here, the teachers were fully accredited as teachers by the District of Columbia Public Schools, were full-time educators and taught formal classes in Basic Adult Education – including English, reading, mathematics, social sciences, and art.

[16] The Complaint was filed on February 23, 2005, and there is a two or possibly three year statute of limitations applicable to FLSA claims. 29 U.S.C. § 255(a).
[17] "DA" refers to Defendant's Appendix.

In the other case defendant cites - *Mueller v. American Mgmt. Ass'n Intn'l*, 368 F.Supp.2d 1166 (D. Kan. 2004) – the school was accredited to award continuing education credits to students and, in order to do so, was authorized and approved by a nationally recognized, independent entity as a provider of continuing education credits. The school was also chartered as an educational organization under the auspices of the State University of New York. The teachers had law degrees and doctorates, and taught various business topics. Finally, the students were wholly independent of the school itself – they were not employed by the same entity as the teachers.[18]

The facts here are much closer to *Hashop v. Rockwell Space Operations Co.*, 867 1287 (S.D. Tex. 1994). In *Hashop*, the court held that a space operations company that was training its own employees could not qualify as "an educational establishment" within the meaning of the professional exemption. Similarly, here, the students and teacher are employed by the Government. Federal agencies within the Government use FLETC to train federal employees to help them better perform their existing jobs. The employees do not receive degrees or certifications; they are simply trained how to do their job better. Simply put, an employer's training facility designed to train its own employees in basic skills, such as firearms, that are necessary to better perform their jobs is not an educational establishment.

[18] A similar distinction exists for *Gonzales v. New England Tractor Trailer Training School*, 932 F. Supp. 697 (D. Md. 1996), in which the students were independent of the teachers, the students were paying for the school to learn a new occupation and, as the court took pains to note, the defendant corporation was accredited by a nationally recognized, independent accrediting organization as a career school.

## III. Assuming that Liquidated Damages are Not Awarded, Plaintiffs' are Entitled to Interest Under the Back Pay Act on Their Unpaid Overtime

Defendant argues that in the event that the plaintiffs prevail on summary judgment, the Court should deny plaintiffs' claim for interest on their unpaid overtime compensation. The parties agree that this claim is based on the Back Pay Act, 5 U.S.C. § 5596, (hereinafter "BPA") and defendant acknowledges that this provides for interest for federal employees who are the victim of unwarranted or unjustified personnel actions resulting in a loss of pay to which the employee would otherwise be entitled. See 5 U.S.C. § 5596(1)(A)(i).

The BPA provides recovery to any government employee who has been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the *pay, allowances, or differentials* of the employee … is entitled … to receive … an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred…. 5 U.S.C. § 5596 (b)(1) (emphasis added). Amounts awarded under this provision "shall be payable with interest." 5 U.S.C. § 5596(b)(2)(A). Thus, the Act does include a waiver of sovereign immunity as to interest on awards under the Act. To meet the standard under the Act for an award to bear interest: 1) the employee must have been affected by an unjustified or unwarranted personnel action; 2) the employee must have suffered a withdrawal or reduction of all or part of his pay, allowances, or differentials; and 3) but for the action, the employee would not have experienced the withdrawal or reduction.

There is little doubt that plaintiffs are claiming that defendant's failure to provide them with overtime compensation at the rate of one and one-half times their regular rate of pay was an unwarranted and unjustified personnel action. Complaint ¶ 7. Moreover, plaintiffs pled the failure to pay this overtime as violative of the FLSA and 5 C.F.R. 551.501. The Back Pay Act does not define the term 'pay, allowances, or differentials," but since 1981, OPM has defined term as "monetary and employment benefits to which an employee is entitled by statute or regulation by virtue of the performance of a Federal function." 5 C.F.R. § 550.803. Here, plaintiffs seek monetary benefits (i.e., overtime pay) to which they are entitled by statute and regulation (i.e. the FLSA and 5 C.F.R. § 551.501), by virtue of performing the federal function of work for the federal government.

The D.C. Circuit has recognized the Back Pay Act as a congressional waiver of sovereign immunity from interest claims on awards arising under other statutes, such as the FLSA.[19] *See Brown v. Secretary of the Army*, 287 U.S. App. D.C. 8, 918 F.2d 214, 216-18 (D.C. Cir. 1990). *Accord Edwards v. Lujan*, 40 F.3d 1152, 1154 (10th Cir. 1994) (adopting *Brown*); *Woolf v. Bowles*, 57 F.3d 407, 410 (4th Cir. 1995) (same).

Defendant ignores the D.C. Circuit cases and, instead, argues that because the FLSA does not provide for a waiver of sovereign immunity, plaintiffs can not recover interest. Defendant's argument, however, misses the point.

---

[19]Interestingly, in *Adams v. United States*, 350 F.3d 1216, 1229-1230 (Fed. Cir. 2003), the Federal Circuit declined to address the issue of whether interest under the Back Pay Act is available as a remedy in FLSA suits because the plaintiff had failed to plead the Back Pay Act in its complaint.

Plaintiffs' claim for interest is based on the BPA, which expressly provides for interest to make whole employees who a third party, such as a court, has determined suffered an unjustified loss of pay.

Further, an award of interest fulfills the purposes of the FLSA. As the court recognized in *Doyle v. U.S.*, 931 F.2d 1546 (Fed. Cir. 1991), liquidated damages under the FLSA can not be issued simply as a substitute for interest.[20] Thus, if liquidated damages are denied under the FLSA, the BPA fulfills the purposes of making an employee whole for unpaid interest.

Plaintiffs do agree that in the event that liquidated damages under the FLSA are awarded in the instant matter, plaintiffs are not entitled to interest in addition to liquidated damages. *See SSA v. FLRA*, 201 F.3d 465 (D.C. Cir. 2000).

**CONCLUSION**

For the reasons set forth above, plaintiffs respectfully submit that they do not qualify as "teachers" within the meaning of the professional exemption to the FLSA. Accordingly, plaintiffs' motion for summary judgment should be granted and defendant's motion for summary judgment should be denied.

---

[20] The majority of courts of appeals award prejudgment interest to plaintiffs in FLSA overtime cases in which no liquidated damages are awarded. *See, e.g., Brock v. Claridge Hotel & Casino*, 664 F.Supp. 899, 903, *aff'd*, 846 F.2d 180 (3rd Cir. 1988); *Cline v. Roadway Express*, 689 F.2d 481 (4th Cir. 1982); *McClanahan v. Mathews*, 440 F.2d 320, 325-26 (6th Cir. 1971); *Hultgren v. County of Lancaster,* 913 F.2d 498, 510 (8th Cir. 1990); *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993, *cert. denied*, 114 S.Ct. 902 (1994). In these cases, the court's awarded interest pursuant to their equitable powers to make the plaintiffs whole. Similarly, Congress enacted the BPA to make employees whole when backpay is awarded.

CERTIFICATE OF SERVICE

This is to certify that Plaintiffs' Memorandum of Law in Support of Cross Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment was electronically filed on July 27, 2007. I understand that all parties will receive notice of this filing from the Court's electronic filing system.

/s/ Molly A Elkin
Molly A. Elkin