IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-248C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(b) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this reply to plaintiffs' response to defendant's May 18, 2007 motion for summary judgment and its opposition to plaintiffs' July 27, 2007 cross-motion for summary judgment. In support, we rely upon the Defendant's Proposed Statement of Uncontroverted Fact ("DPFUF"), the defendant's May 18, 2007 appendix, and the supplemental appendix filed concurrently with this motion. For the reasons stated below, and for the reasons given in our opening brief, we respectfully request that this Court enter summary judgment in favor of the United States and dismiss the complaint. In the alternative, if this Court finds that plaintiffs' cross-motion for summary judgment raises genuine issues of material fact, we request that the Court deny plaintiffs' motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 971 (Fed. Cir. 2001).

## SUMMARY OF ARGUMENT

As we argued in our opening brief, plaintiffs, who are GS-12 and GS-13 Firearms Instructors at the Federal Law Enforcement Training Center ("FLETC") in Glynco, GA, are exempt from the Fair Labor Standards Act's ("FLSA") overtime provisions as teachers who work in an educational establishment, pursuant to 5 C.F.R. § 551.207. The instructors contend that they are not exempt professionals because they do not exercise sufficient discretion in their positions; however, pursuant to OPM's regulations, the agency does not need to show that the instructors exercise discretion in order for the exemption to apply. Instructors also contend that they are not teachers because their positions are not classified, using OPM classification standards, in the educational series. However, FLSA exemptions are based on the actual duties performed by the employees, not by job titles or classifications. Because instructors do not dispute that their primary job duty is teaching students firearms, the instructors' positions qualify as "teachers."

FLETC's mission is exclusively training law enforcement training. Instructors also argue that FLETC is not an "educational establishment." Because FLETC cannot be meaningfully distinguished from other types of institutions found to be "educational establishments," such as driving schools and flight instruction schools, the Court should enter summary judgment in favor of the United States.

## ARGUMENT

I. Neither The Fair Labor Standards Act Nor The Regulations Require Employers To Show That "Teachers" Meet The Independent Discretion Test

Plaintiffs-instructors allege that they do not qualify as professionals exempt from the wage and hour provisions of FLSA because they do not exercise any discretion or independent judgment in their positions. Plaintiffs' Mem. In Support Of Cross-Motion For Summary Judgment And Opposition To Defendant's Motion For Summary Judgment ("Pl. Mem.") at 26-27. However, this factual dispute is entirely irrelevant to the present analysis of whether the instructors qualify as "teachers" pursuant to the professional exemption, 5 C.F.R. § 551.207 pursuant to FLSA.

As explained in our opening brief, the Office of Personnel Management's ("OPM") regulations clearly do not require an employer to show that teachers meet the independent discretion and judgment tests outlined at 5 C.F.R. §551.104. Defendant's Motion For Summary Judgment ("Def. Mot.") at 6-7. OPM defines an exempt "professional" as "an employee who meets all of the following criteria, **or** any teacher who is engaged in the imparting of knowledge . . . in a school system or educational establishment." 5 C.F.R. § 551.207 (emphasis added).

Contrary to the instructors' assertion that no definition exists, Pl. Mem. at 20, the Department of Labor ("DOL") similarly specifically defines "teachers" under the Professional Employees exemption subpart of its regulations. 29 C.F.R. § 541.303(a). This specific definition is separate from the general professional employee definition, 29 C.F.R. § 541.3(b). The structure of the revised Part 541 separates the teaching exemption from the learned professional exemption by stating that the term "employee employed in a bona fide professional

capacity in section 13(a)(1) of the Act also means any employee with a primary duty of teaching. . . ." 29 C.F.R. § 541.303(a) (emphasis added). Accordingly, section 541.303, the more specific regulation for "teachers," rather than the general learned professional employee definition, 29 C.F.R. § 541.301, governs the Court's analysis of whether the instructors meet the professional exemption as "teachers." See Busic v. United States, 446 U.S. 398, 403 (1990) (specific rules are given precedence over general ones).

DOL has affirmed its regulatory determination that teachers need not meet a separate independent discretion test. In a 2006 opinion letter, DOL opined that "having a primary duty of teaching generally involves 'by its very nature, exercising discretion and judgment.'" DOL Op. Letter, 2006 WL 3406601 (Oct. 26, 2006) (quoting DOL Wage and Hour Division Fact Sheet #17D). Therefore, DOL, through its regulations, fact sheets, and opinion letters, has clearly explained that employers, when defending a FLSA exempt classification through the "teacher" professional exemption, do not need to make a separate showing that the employees meet the "independent discretion" test. DOL's regulatory determination, which is consistent with OPM's, must be given controlling weight. See, e.g., Falken v. Glynn County, GA, 197 F.3d 1341, 1346 (11th Cir. 1999) (declaring that DOL regulations implementing FLSA receive Chevron deference).

The plaintiffs-instructors point to unpromulgated regulations proposed in 2006, Pl. Mem. at 20, that purport to distinguish between teachers whose primary knowledge is the ability to perform a trade versus the ability to instruct. See 71 Fed. Reg. 30301, 30314 (May 26, 2006). However, OPM did not promulgate these regulations. "In general, proposed regulations have no legal force or effect until they become final." Yocum v. United States, 66 Fed. Cl. 579, 590

(2005); LeCroy Res. Sys. Corp. v. United States, 751 F.2d 123, 127 (2d. Cir. 1984) ("Proposed regulations are suggestions made for comment; they modify nothing"). Accordingly, little, if any, weight, should be given to regulations that OPM has thus far declined to adopt.

## II. The Firearms Instructors' Primary Duty Is Teaching Students In Basic And Advanced Firearms Courses

In order to meet OPM's regulation, the agency must show that the instructors are "engaged in the imparting of knowledge." 5 C.F.R. § 551.207. As demonstrated in our opening brief, plaintiffs-instructors teach all aspects of firearms in various basic and advanced courses. Plaintiffs, however, contend that their primary duty is not teaching. Pl. Mem. at 23. As shown below, this argument should be rejected.

### A. The Job Classification Series Or Current FLSA Exemption Does Not Control This Court's Analysis Of Whether The Plaintiffs' Job Duties Are That Of A Teacher

The plaintiffs admit that their day-to-day duties consists of teaching students in basic and advanced firearms techniques and tactics. PPFUF ¶¶15;16. However, they argue that because the Law Enforcement Specialist (Instructor) GS-12 and GS-13 positions are classified in the 1801 occupational series, rather than the 1701 occupational series, their "primary duty" is not teaching or imparting knowledge of firearms techniques, skills, and theories. Pl. Mem. at 22. This argument is without merit.

The Law Enforcement Specialist (Instructor) positions are classified in the 1801 Occupational Series, the series for Criminal Inspection Investigation, and Compliance. PPFUF ¶ 10. However, plaintiffs do not contend that they are in fact law enforcement officers, have the power to arrest or detain, or otherwise exhibit any other characteristic of law enforcement officers or investigators. See PA41 (testimony of Division Chief Walter Koran that the

instructors "do not have the powers of arrest or detention or to protect diplomats or dignitaries").[1] FLSA applies to employees and positions, not classification series or job families. This Court is required to examine the day-to-day work and duties of an employee to determine whether the employee's position is FLSA exempt. Abundis v. United States, 18 Cl. Ct. 657, 659 n.2 (1989); 5 C.F.R. § 551.202(i). Because this Court must examine the facts as presented to determine whether the employees meet the legal exemption, the job title or occupational series of the employee is ultimately irrelevant.[2]

Nor is the agency precluded from defending a lawsuit based upon a new FLSA exemption category or classification for its employees even if it determined or argued that a different exemption category applied. See, e.g., Bates v. United States, 60 Fed. Cl. 319, 322 n.2 (2004) (holding the agency was not precluded from asserting the administrative exemption in litigation even though agency had previously only raised the executive exemption); see also 5 C.F.R. § 551.202(h) ("Although it is normally feasible and more convenient to identify the exemption category, this is not essential.").

For this reason, the agency may argue, that based upon the facts as presented, the instructors meet the professional exemption as "teachers," even if that is not the exemption category upon which the agency originally classified the positions as FLSA exempt. For the same reason, the testimony of the agency's Rule 30(b)(6) witness as to the classification of the

---

[1] "PA_" refers to pages of the plaintiffs' appendix.

[2] In their brief, the instructors appear to concede that "determinations as to exempt status are based on the employees' actual day-to-day work activities, not . . . through a job title or job description." Pl. Mem. at 13 (citing Cooke v. Gen. Dynamics Corp., 993 F. Supp. 56,61 (D. Conn. 1997)).

instructors does not preclude the agency from defending the present lawsuit upon the basis of other FLSA exemptions. United States v. Taylor, 166 F.R.D. 356, 362 n. 6 (M.D.N.C. 1996) (holding testimony of Rule 30(b)(6) designee does not bind an organization in the sense of a judicial admission). The Court should accordingly reject this argument.

B. The Instructors' Attempts To Distinguish Their Positions Are Unpersuasive

In our opening brief, we noted that DOL's regulations identify truck driving and flight school instructors as examples of the types of "teachers" which have been found to be exempt under FLSA. Def. Mot. at 15 (citing 29 C.F.R. § 541.303(b)). Similarly, the firearms instructors should be considered teachers.

While conceding that DOL's regulations include truck driving and flight school instructors as within FLSA's "teacher" professional exemption, plaintiffs-instructors distinguish those teachers upon the basis that the students in truck driving and flight schools are "learn[ing] an entirely new occupation." Pl. Mem. at 21. To the extent that this distinction would be relevant, it is not a distinction at all, as eighty percent of FLETC's students are embarking upon new law enforcement careers. DA327-28.[3] Moreover, neither DOL nor OPM's regulations require that the broad subject matter being taught be entirely new to the students in order for the teacher exemption to apply. See, e.g., Muller, et al. v. American Mgmt. Ass'n Int'l , 368 F.Supp.2d 1166, 1168 (D. Kan. 2004) (trainers who presented one and two day seminars on various business topics for continuing education found to be "teachers").

---

[3] "DA__" refers to pages of the defendant's appendix. Page numbers of the supplemental appendix follow consecutively from the pages of the defendant's May 18, 2007 appendix.

Plaintiffs-instructors also argue that at driving schools and flight instruction schools, the students and teachers "do not have the same employer and the students are not employees of the school." Pl. Mem. at 21. The plaintiffs provide no support in regulation or case precedent why the fact that the instructors and most students are employed by the Federal government disqualifies the instructors from meeting the FLSA exemption.[4] Moreover, contrary to plaintiffs' unsupported assertion, the students are not employed by FLETC.[5] Accordingly, these distinctions are without import.

C. Plaintiffs' Undisputed Job Duties Demonstrate That Their Primary Duty Is Teaching Students

Plaintiff-instructors do not substantively address the facts presented in our opening brief regarding their job duties. Plaintiffs state that they "watch[ ] people shoot the firearms and giv[e] commands on when to shoot," Pl. Mem. at 25, and that they merely "assist in training" the students, Pl. Mem. at 1. The instructors' simplistic self-serving characterizations of their positions would barely justify their pay grades. See Hickman v. United States, 10 Cl. Ct. 550, 558-59 (1986) (noting FLSA claimants' tendency to diminish their roles); Haines v. Southern Retailers, Inc., 939 F.Supp. 441, 450 (E.D. Va. 1996) (noting that courts have tended to reject post-hoc efforts to minimize the importance of claimant's duties).

It is undisputed that at least fifty percent of the instructors' time is spent teaching students. DPFUF ¶40; PPFUF ¶ 16. It is also beyond dispute that the remainder of the

---

[4] A small percentage of FLETC's students come from state, local, or tribal law enforcement agencies. DA2.

[5] The very narrow exception to this would be newly hired firearms instructors who would be required to take, as part of their instructor training and certification, the Firearms Instruction Training Program course. DPFUF ¶ 26.

instructors' time is spent on ancillary pedagogical tasks, such as preparing firing ranges for classes, completing course paperwork, and curriculum-related tasks. DPFUF ¶ 49. Upon this basis alone, the Court can conclude that the firearms instructors are "teachers" whose primary duty is "imparting knowledge."

The instructors are responsible for all aspects of highly technical teaching, both in the classroom and in practical exercises on firing ranges. DA68; 75. The instructors are rated, for performance evaluation purposes, upon their ability and effectiveness in instruction. DPFUF ¶ 52. For example, one plaintiff was identified by his supervisor as having "taken the time to research, observe and adopt the instructional skills [he] find[s] to be most effective." DA399. Instructors make demonstrations to emphasize teaching points. DA95. Instructors advise students in order to improve students' skills. DA96; DA280 (testimony of George Foley that he provides corrective advice to students). Instructors are expected to be effective communicators in order to aid students in the learning process. DA121; DA278 (testimony of George Foley agreeing that he used different instructional methods to present subject matter). Instructors are encouraged to use various visual aids and training aids in teaching. DA126. These skills and tasks are those traditionally associated with teachers.

In addition, instructors are responsible class preparation, ensuring sufficient weapons and ammunition are available, and setting up firing ranges and classrooms in preparation for class sessions. DPFUF ¶¶ 47; 49. Instructors may be responsible for self-initiated or assigned research in topical areas related to the subject matter of the courses taught.[6] Instructors assess

---

[6] The instructors' rote denials that they do any of these teaching related tasks, PPFUF ¶¶ 24-25 are sharply contradicted by their own performance appraisals.

and revise curriculum based on changing instructional and firearms technology. See DA277 (testimony of plaintiff-instructor George Foley that he keeps up with changes in the Lasershot/Beamhit training technology); DA290 (testimony of Carlos Patrick that he provided input to improve advanced programs). Many instructors have developed different courses and lesson plans. For example, plaintiffs Larry Tully and Harold Delashmit developed the curriculum for the Interactive Training with Non-Lethal Training Ammunition Program. DA427-430. The fact that the instructors follow lesson plans and syllabi, and that FLETC has many operating procedures in place, does not make a Firearms Instructor any less of a "teacher" than an elementary school teacher who must follow a curriculum set by a school board and must follow procedures set by a principal.

The instructors' duties are similar to those of automobile and boat repair instructors DOL found to be FLSA exempt as "teachers." The instructors' primary duty there was "teaching activities and assessing students' performance, with the balance of their time spent on closely related activities such as class preparation, preparing and maintaining training aids, tools and equipment used in class and labs, and serving as a mentor to students." DOL Op. Letter FLSA 2006-41, 2006 WL 3406601 (Oct. 26, 2006). Plaintiffs-instructors' duties cannot be meaningfully distinguished from these. Because the instructors have failed to rebut the United States' contention that their primary duty is not teaching, tutoring, instructing or lecturing, this Court should grant summary judgment in the Government's favor.

## III. FLETC Is An Accredited "Educational Establishment" Whose Sole Mission Is Training

As we previously argued, FLETC qualifies as an "educational establishment" because FLETC's sole mission is to educate future and present Federal law enforcement officers.

DPFUF ¶¶ 1;3. Plaintiffs dispute the agency's assertion. Pl. Mem. at 28-29. DOL includes within its definition of an "educational establishment" "an institution of higher education or other educational institution." 29 C.F.R. § 541.204(b). Because FLETC conducts post-secondary law enforcement career programs for students, is accredited by an independent regulating body, and because FLETC resembles other types of educational establishments and institutions which have been found to meet the "educational establishment" definition, this Court should reject the instructors' contention.

Plaintiffs first note that students cannot obtain a "firearms degree" or high school or college credit by completing courses at FLETC. Pl. Mem. at 29; PPFUF ¶ 5. Plaintiffs' assertion, while unremarkably correct, is not dispositive. For example, the prison educational department in Wilks v. District of Columbia did not offer any degrees. 721 F. Supp. 1383, 1386 (D.D.C. 1989). The instructors purport to distinguish Wilks upon the grounds that those teachers taught "formal classes" such as "English, reading mathematics, social sciences, and art," Pl. Mem. at 29, but fails to identify why the subject matter of the courses taught is relevant to the determination of whether the facility or institution is an "educational establishment." It is not.

Instructors also attempt to distinguish the nonprofit education corporation found to be an "educational establishment" in Muller. Pl. Mem. at 30. The Muller court found the employing non-profit corporation to be an "educational establishment" even though it did not provide degrees, in part because students could obtain continuing education credits by attending one to two day business seminars. 368 F. Supp. 2d at 1176. Similarly, FLETC provides refresher and requalification courses that may be required of law enforcement officers, such as the week-long Firearms Instructor Refresher Training Program ("FITRP"). DA19-20; DA301 (testimony of

Tom Pegula, Senior Instructor in charge of FIRTP that the program is mandated for field instructors every three or five years.) Moreover, successful completion of a basic program, such as the Criminal Investigator Training Program, at FLETC is a prerequisite to employment by many employing Federal agencies. DPFUF ¶ 43.

Plaintiffs also argue that the instructors are not accredited or certified teachers. Pl. Mot. at 28. As described in our opening brief, all firearms instructors undergo a rigorous internal training process that can take up to a year to receive certification to teach courses at FLETC. See DPFUF ¶¶ 24-36. While the firearms instructors are not certified by the State of Georgia as public school teachers, that alone does not disqualify the instructors from falling within the exemption. See 29 C.F.R. §541.303(c) (noting that "a teacher's certificate is not generally necessary in institutions of higher education or other educational establishments"). Indeed, it would be odd and unnecessary for FLETC to require its instructors to be certified as primary school teachers by the State of Georgia.

The instructors' attempts to distinguish other supporting authority are misplaced. Plaintiffs analogize to the facts in Hashop v. Rockwell Space Operations Co., 867 F. Supp. 1287 (S.D. Tex. 1994), to show that FLETC does not qualify as an educational establishment. The Hashop court held that instructors who taught space shuttle ground control operators to use complex aerospace systems, did not teach at an "educational establishment" under 29 C.F.R. § 541.301(g)(1)(1994). Id. at 1295. The district court in that case dismissed the employer as a "large for-profit corporation." Id. However, the regulations upon which the Hashop court relied were superceded and DOL has specifically determined that the employer's for-profit status is irrelevant to the analysis. 29 C.F.R. § 541.204(b). Notably, when DOL amended the regulations

in 2004, it specifically identified Hashop as a case which misinterpreted FLSA's professional exemption. 69 Fed. Reg. 22122, 22152 (Apr. 23, 2004). Hashop's persuasive value is considerably diminished.

Plaintiffs also speciously distinguish Gonzales v. New England Tractor Trailer Training School, 932 F. Supp. 697 (D. Md. 1996), upon the basis that students of that school paid tuition to learn truck driving. Pl. Mem. at 30 n. 18. Whether students pay tuition or whether the tuition is paid for by tax dollars has no bearing upon the Court's "educational establishment" analysis. 29 C.F.R. § 541.204(b) (explaining that "for purposes of the exemption, no distinction is drawn between public and private schools, or between those operated for profit and those that are not for profit").

This Court should also consider the analogy we raised in our opening brief to air traffic controller instructors at "classrooms and laboratories which are dedicated to training air traffic controllers, are funded by the FAA [Federal Aviation Administration], and was a continuation of the training at the FAA Academy." The DOL concluded that such a flight instruction installation would constitute an educational establishment. Op. Letter, 2004 WL 2146934 (June 2, 2004). DOL's interpretations in opinion letters should be given considerable weight. In re: Wal-Mart Stores, Inc., 395 F.3d 1177, 1184-85 (10th Cir. 2005) (citing Auer v. Robbins, 519 U.S. 452, 461 (1997)). FLETC is a state-of-the-art Federal facility dedicated solely to specialized instruction and training of students in a wide range of topics related to law enforcement. See DA3-6. For the same reasons as the FAA flight instruction school, FLETC should be considered an "educational establishment."

A. FLETC Is An Independently Accredited Law Enforcement Academy

Finally, plaintiffs also attempt to discredit FLETC's Academy accreditation by the Federal Law Enforcement Training Accreditation Board of Directors ("FLETA"), but provide no basis for disputing FLETA's independent status. See Pl. Mem. at 29. Although its offices are housed at FLETC's Glynco, GA campus,[7] FLETA is an independent arm established by the Office of Management and Budget. DA62; see also DA335:11-14 (testimony of Walter Koran that FLETA is not in FLETC's chain of command).[8] Its role is to provide an "independent accreditation process." DA27.

Academy accreditation, such as FLETC received in March 2006, DPFUF ¶ 5, required FLETC to show that its instructors are provided "instructional skills training," including "principles of adult learning, instructional techniques, and classroom management." DA42. In addition, FLETA has accredited individual training programs, such as the Law Enforcement Instructor Training Program certification and the Law Enforcement Instructor In-Service Training Program certification. FLETC's independent accreditation supports our contention that FLETC is an "educational establishment" for purposes of FLSA's teacher exemption.

## CONCLUSION

For these reasons and for the reasons given in our May 18, 2007 motion for summary judgment, the United States respectfully requests that this Court grant its motion for summary judgment and deny the plaintiffs' cross-motion for summary judgment.

---

[7] Instructors also criticize the defendant's use of the term "campus" to describe the various FLETC physical facilities. Pl. Br. at 28. However, that term is used by FLETC. See, e.g., DA10.

[8] See also http://www.fleta.gov.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:
MARGARET WRIGHT
Office of Chief Counsel
Federal Law Enforcement Training Center
Glynco, GA

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th floor
Washington, D.C. 20530
Tele: (202) 616-2228
Fax: (202) 305-7643

August 17, 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on August 17, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Tara K. Hogan