IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. | ) | |
| | ) | Case No. 05-248C |
| | ) | (Judge Williams) |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' REPLY MEMORANDUM REGARDING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Attorney of Record for Plaintiffs

Gregory K. McGillivary
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Of Counsel

# Table of Contents

Table of Authorities……………………………………………………………i

I. The Undisputed Facts Reveal That Plaintiffs' Primary Job Duty is Training Fellow Law Enforcement Officers Pursuant to Detailed Guidelines In Which Proficiency at a Skill (Firearms) Rather Than the Ability to Teach is Paramount……………………………………………...4

A. Defendant's Classification of Plaintiffs' Position as Law Enforcement Specialists Rather Than as Teachers or Instructors is Based on Their Primary Duty……………………………………..5

B. The Other Undisputed Facts Reflect That Plaintiffs' Primary Job Duty is Training in Which Knowledge of the Skill is Paramount to the Job and Not Teaching……………………………………………...7

II. Training in a Skill Pursuant to Detailed Guidelines is Different Than Teaching…………………………………………………………………9

III. An Independent Judgment and Discretion Test Exists to Help Distinguish Between Professional Teachers and Employees Who do not Fit Within the Exemption …………………………………...11

IV. An Employer's In-House Training Facility is Not an Educational Establishment……………………………………………………………14

A. FLETC is an In-House Training Facility……………………………..14

B. FLETC is not Accredited as an Educational Establishment………15

V. The Cases Defendant Cites are Distinguishable and Present the Outer Limits of the Professional Teacher Exemption…………….......17

VI. Conclusion……………………………………………………………….20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A. H. Phillips, Inc. v. Walling*, 324 U.S. 490 (1945) .......... 4

*Gonzalez v. New England Tractor Trailer Training School*, 932 F. Supp. 697 (D. Md. 1996) .......... 19

*Hashop v. Rockwell Space Operations Co.*, 867 F. Supp. 1287 (S.D. Tex. 1987) .......... 19

*Massie v. Board of Trustees Haywood Community College*, 357 F. Supp. 2d 878 (W.D.N.C. 2005) .......... 13

*Muller v. American Management Association*, 368 F. Supp. 2d 1166 (D.Kan. 2004) .......... 18

*Wilks v. District of Columbia*, 7121 F. Supp. 1383 (D.D.C. 1989) .......... 17

## FEDERAL STATUTES

5 C.F.R. § 551.104 .......... 5, 12, 13

5 C.F.R. § 551.202 .......... 2

5 C.F.R. § 551.207 .......... 12

71 Fed. Reg. 30314-15 .......... 10

29 C.F.R. § 541.305(b) .......... 13

69 Fed. Reg. 2212 (April 23, 2004) .......... 12

Fair Labor Standards Act, 29 U.S.C. § 213(a) .......... 1

## MISCELLANEOUS

*American Heritage Dictionary* (4th ed. 2000). .......... 10

2004 DOLWH Lexis 12 (June 2, 2004) .......... 19

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. | ) | |
| | ) | Case No. 05-248C |
| | ) | |
| Plaintiffs, | ) | (Judge Williams) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

PLAINTIFFS' REPLY MEMORANDUM REGARDING
THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs respectfully submit the following reply memorandum regarding the parties' cross motions for summary judgment.

This case concerns the issue of whether the defendant has established that GS-12 and GS-13 Law Enforcement Specialists are "teachers" within the meaning of the professional exemption to the Fair Labor Standards Act, 29 U.S.C. § 213(a). The plaintiffs train other law enforcement employees on the safe, proper and proficient use of firearms and are not classified as teachers or instructors, but as law enforcement specialists.

Defendant argues that the sole test to determine whether an employee is exempt from the FLSA as a professional teacher is whether an employee works at a training facility or school in a job teaching or training individuals. Plaintiffs assert that defendant's simplistic test stretches the meaning of the exemption for professional teachers beyond common sense. To be sure, the caselaw reveals that in most cases, such as an academic setting, determining whether an

employee qualifies as a teacher is easy. However, in cases in which instructors and teachers work in unconventional settings, such as vocational school, prisons or continuing education classes, the courts look at the overall circumstances of the case to determine if the teachers, students and work environment carry the traditional indicia of a school. In no case, and it should not be done here, has a court found that employees who conduct in-house training to fellow employees regarding a basic skill used in the employees' job constitute professional teachers within the meaning of the FLSA. A careful review of the overall circumstances here reveals that it would be "an abuse of the interpretative process" to consider the plaintiff law enforcement specialists professional teachers to whom FLSA overtime pay can be lawfully denied.

As plaintiffs explained in their opening brief, it is well established that exemptions to the FLSA are narrowly construed to ensure that they are applied only to those employees who "plainly and unmistakably" fall within their statutory meaning. If there is a reasonable doubt as to whether a statutory exemption applies, the employee is entitled to FLSA coverage. Defendant bears the burden of proving the claimed exemption. 5 C.F.R. § 551.202.

Plaintiffs reiterate these well-established principles because in straining to establish that plaintiffs are somehow professional teachers, defendant dismisses as irrelevant numerous undisputed facts that demonstrate that the primary duty of the plaintiffs is not teaching. According to defendant, the following undisputed facts should be ignored:

- Defendant itself has not classified plaintiffs as teachers, but as law

enforcement specialists. Both parties agree that the classification of plaintiffs' job is proper and although the Office of Personnel Management (OPM) has an entire classification section consisting of jobs classified as teaching or instructing, none of the plaintiffs are classified in these jobs;

- Defendant agrees that "the driving force" of job classification decisions in the federal Government are the job duties and responsibilities of the position and, as noted above, plaintiffs' employing agency has not classified them as teachers or instructors, but as law enforcement specialists;

- it is undisputed that plaintiffs do not exercise independent judgment and discretion in the course of their jobs in that they cannot deviate from defendant's standard operating procedures and lesson plans without being subject to discipline;

- Plaintiffs train fellow federal law enforcement officers in a basic skill – firearms safety and proficiency. Plaintiffs' knowledge of the skill rather than the ability to teach is the paramount skill necessary to perform the plaintiffs' job;

- Plaintiffs administer only objective tests – i.e., rating marksmanship on a target;

- Plaintiffs are not involved in determining whether the law enforcement employees who receive the firearms training are qualified to use a firearm and the Federal Law Enforcement Training Center where plaintiffs work does not award any certifications or degrees to any of the federal law enforcement employees who attend training there;

- Defendant fails to provide plaintiffs with any training or class room

instruction on how to teach or instruct; instead the only "training" they receive is on the job training by virtue of performing their job; and

- Defendant argues that it does not matter that the defendant's own witness designated as its person in charge of compliance with the FLSA did not consider the professional exemption for teachers under the FLSA to have any application to plaintiffs' job.

Of course, all of these undisputed facts matter and create, at a minimum, reasonable doubt as to the application of the professional exemption for teachers to the plaintiffs. To qualify as a teacher under the professional exemption, employees must have teaching as their primary duty and must exercise discretion and independent judgment in their job. Plaintiffs respectfully submit that it would be an "abuse [of] the interpretative process" to deny law enforcement specialists overtime pay by expanding the professional exemption to employees untrained in teaching or instruction who train fellow employees in a skill such as the use of firearms. See *A. H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)("Any exemption must . . . be narrowly construed, giving due regard to the plain meaning of the statutory language and the intent of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process . . . .").

**I. The Undisputed Facts Reveal That Plaintiffs' Primary Job Duty is Training Fellow Law Enforcement Officers Pursuant to Detailed Guidelines In Which Proficiency at a Skill (Firearms) Rather Than the Ability to Teach is Paramount**

The material facts the parties have presented in their cross motions for summary judgment are mostly undisputed. As noted above, other than the

location at which plaintiffs work – the Federal Law Enforcement Training Center (FLETC) - and that plaintiffs train fellow law enforcement officers in the safe and proficient use of firearms, defendant views all other facts as irrelevant as to plaintiffs' status under the FLSA. Contrary to defendant's position, however, a review of the undisputed facts reveals that employees' who train fellow employees in a work-related skill and who work in a job where knowledge of the skill rather than the knowledge of how to teach is paramount, do not qualify as professional teachers under the FLSA.

### A. Defendant's Classification of Plaintiffs' Position as Law Enforcement Specialists Rather Than as Teachers or Instructors is Based on Their Primary Duty

Defendant now concedes, as it must, that to exempt an employee from the FLSA, the employer must prove that the employees have teaching as their "*primary duty.*" (See Defendant's Reply Brief, at 8, "Plaintiffs' Undisputed Job Duties Demonstrate Their *Primary Duty* is Teaching Students"(emphasis supplied)).[1] The Office of Personnel Management (OPM) defines "primary duty" in its regulations. According to OPM, to constitute a primary duty the job duty must, among other things, "govern the classification and qualification requirements of the position." 5 C.F.R. § 551.104. Here, the plaintiffs are classified by their agency employer as "law enforcement specialists" in the 1801 occupational series.

Defendant urges the court to simply ignore plaintiffs' employer's

---

[1] As explained in plaintiffs' opening brief on summary judgment, DOL and OPM's regulations require an employee to have teaching as his or her "primary duty" to exempt an employee from FLSA coverage as a professional teacher. See Plaintiffs' Memorandum in Support of Cross-Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment, at 17-18.

classification of their jobs arguing that the court must look to the actual job duties of the position. This argument is spurious; in the federal sector an employee's job classification is based on an employee's actual job duties and responsibilities. Indeed, this is "the driving force" of job classification in the federal system. PPFUF ¶11 and Def. Resp.[2] An employee's job classification by a federal employer is not only relevant to determining an employee's FLSA status (particularly where it is not in dispute, as here), but OPM requires it to be viewed in determining whether an employee is exempt.

Here, it is ***undisputed*** that plaintiffs' jobs are properly classified as "law enforcement specialists." PPFUF and Def. Rep. ¶ 11-14.[3] It is also undisputed that OPM has an entire classification series devoted to employees who work in teaching and training positions. This series includes positions that primarily involve non–professional work of a technical nature "when the paramount requirement of the work is a combination of practical knowledge of the methods and techniques of instruction and the practical knowledge of the subject-matter being taught." PPFUF ¶ 12 and Def. Resp.

Plaintiffs are not classified in OPM's teaching and training job series. Instead, they are classified in a job series in which knowledge of law enforcement skills, rather than methods and techniques of instruction are paramount to the performance of the job. Thus, defendant itself has determined, through the OPM

---

[2] References to paragraphs in Plaintiffs' Proposed Findings of Uncontroverted Fact and Defendant's Response appear as "PPFUF and Def. Resp. ¶ ______."

[3] Defendant's designated Rule 30(b)(6) witness on the topic of classification testified that plaintiffs are properly classified under OPM's classification system. PPFUF and Def. Resp. ¶14. Without denying plaintiffs are properly classified, defendant argues that this is a legal conclusion. Classification of an employee is not a legal matter, but a fact. Classification of an employee, as defendant agrees, is based on the employee's job duties and responsibilities. Under RUSCFC 56(h)(2), defendant's failure to dispute this fact is therefore an admission. PPFUF ¶11 and Def. Resp.

classification system, that the paramount knowledge of plaintiffs' jobs is not teaching or instruction, but skill in the use of firearms. Defendant's failure to classify plaintiffs' as teachers or instructors is solid, undisputed proof of why plaintiffs' primary duty is not teaching within the meaning of the professional exemption to the FLSA.

### B. The Other Undisputed Facts Reflect That Plaintiffs' Primary Job Duty is Training in Which Knowledge of the Skill is Paramount to the Job and Not Teaching

In addition to the classification of plaintiffs' jobs outside of the teaching profession, the other undisputed facts regarding plaintiffs' job duties and responsibilities as well as the circumstances of their jobs demonstrate that knowledge of their job skill is the paramount requirement of plaintiffs' job rather than teaching. In response to Plaintiffs Statement of Undisputed Facts, defendant concurred with the following statement:

> The plaintiffs obtained their knowledge of firearms from their experience in the military and/or from their law enforcement backgrounds. The plaintiffs' primary knowledge is their knowledge of firearms and their ability to use these firearms in a law enforcement setting.

PPFUF ¶ 21 and Def. Response. The knowledge and ability required for plaintiffs to perform their job is law enforcement – i.e., the use of firearms - rather than their ability to teach or instruct.

Indeed, this is because plaintiffs spend little or none of their work time doing what one would think of a teacher doing such as developing lesson plans, determining new innovative approaches for students to grasp materials, developing and grading tests and similar functions. Instead, in administering the

training, plaintiffs are required to act in **strict** conformance with written lesson plans and governing standard operating procedures (SOPs). The SOPs govern such areas as punctuality, where to shoot from, safety standards on the range, how to conduct firearms demonstrations and similar activities. Deviation from a lesson plan or SOP subjects the plaintiff law enforcement specialist firearms instructors to discipline. PPFUF ¶ 23 and Def. Resp.

Furthermore, to become a law enforcement specialist firearms instructor at FLETC, there is no requirement of any education or certification in training or teaching. The only requirements are a high school degree and experience as a law enforcement officer. PPFUF ¶ 6-8 and Defendant's Resp. There is no training or instruction given to the law enforcement specialists prior to their administering the firearms training; instead, the only training they themselves receive in how to administer the training is on the job training. Once they begin working at FLETC, there are no courses provided on teaching or instruction. The only continuing education courses they take relate to safety on the range (CPR, safety, hazard materials handling and trauma) or to the plaintiffs' own shooting proficiency (shooting qualification). Finally, there is no accreditation of the law enforcement specialists as teachers or instructors.[4] PPFUF ¶ 9 and Def. Resp.

The law enforcement specialist firearms instructors spend at least 50-70% of their time on the firing line. The firing line has a course of fire in which there are step-by-step instructions for firing a weapon and testing law enforcement

[4] After working in the position for a year, plaintiffs receive a FLETC in-house certification as an instructor. The employee's job classification, however, does not change. There is no test nor, as noted above, any teaching or instruction provided to the plaintiffs on how to teach or instruct employees that results in this certification. It is based solely on having worked in the position for a year. PPFUF ¶ 9 and Def. Resp..

officers shooting proficiency. When conducting qualification on the course of fire, the plaintiffs issue range commands verbatim from the lesson plans. PPFUF ¶ 19 and Def. Resp. When serving as a line instructor, a plaintiff's job is to ensure that the officers shooting at the target are holding and handling the weapons in a safe manner and to train them in basic marksmanship skills. PPFUF ¶ 17 and Def. Resp.

Plaintiffs spend only 1-3% of their work time on lesson plans. Lesson plans used to be updated only every two years; now, they are updated annually. Unless there is a new weapon or technology, the lesson plans remain the same. The Division Chief of the Firearms Division at FLETC is the only one with approval authority for a new lesson plan. PPFUF ¶ 26 and Def. Resp.

Plaintiffs do not provide grades, report cards or written narratives to evaluate their fellow law enforcement officers who are being trained. Instead, in nearly all instances, grading is based on objective criteria based on the accuracy of the shooting – i.e., a shooting score based on where the bullets arrive on a target. PPFUF ¶ 27 and 30 and Def. Resp. The passing scores are determined not by the plaintiffs, but by the law enforcement officer's employing agency. PPFUF ¶30 and Def. Resp. Law enforcement officers who attend FLETC do not receive high school, college, vocational or other credit for attending training at FLETC. They do not even obtain a firearms license based on the firearms training they receive. PPFUF 5 and Def. Resp. Finally, plaintiffs do not determine whether law enforcement officers are qualified as law enforcement officers or to use weapon. This is determined by the officers' employing agency.

PPFUF ¶ 31 and Def. Resp.

**II. Training in a Skill Pursuant to Detailed Guidelines is Different Than Teaching**

Although defendant equates any type of training as qualifying one as a professional teacher, there is a meaningful difference between employees who perform in-house training of a work-related skill and teachers or instructors who teach. The dictionary definition of teaching is "to impart knowledge." *American Heritage Dictionary* (4th ed. 2000). Training is defined as, "To coach in or accustom to some mode of behavior or performance; to make proficient with specialized instruction or practice." *Id.* In its proposed regulations, which are designed to clarify the current regulations, OPM explained this distinction between trainers and teachers:

> Exempt teachers do not include teachers of skilled and semi-skilled trade, craft and laboring occupations when the paramount knowledge is the knowledge of and the ability to perform the trade, craft or laboring occupation. Conversely, if the primary requirement of the post secondary education instructor is the ability to instruct as opposed to knowledge of and ability to perform a trade, craft or laboring occupation, then the position may be exempt.

71 Fed. Reg. 30314-15. Obviously, as noted above, plaintiffs' job duties and responsibilities make clear that the paramount knowledge necessary for the plaintiff law enforcement specialists to perform their job is practical knowledge of firearms use and safety. They train, not teach.

Disappointingly, rather than address this *concept*, defendant blithely rejects OPM's proposed regulation by stating that since it is a proposed regulation, the Court should simply ignore it. Plaintiffs cited this regulation not

because the Court is bound to follow it, but because it succinctly articulates the difference between a teacher or instructor who is a "professional" within the meaning of the FLSA and someone providing training on a basic work skill who is covered by the FLSA. [5]

**III. An Independent Judgment and Discretion Test Exists to Help Distinguish Between Professional Teachers and Employees Who do not Fit Within the Exemption.**

Defendant continues to contend that it is unnecessary for an employee to exercise independent judgment and discretion to be considered a professional teacher under the FLSA. Perhaps defendant feels compelled to take this position because it is undisputed in the instant case that plaintiffs ***do not*** exercise discretion and independent judgment in the performance of their jobs; indeed, they are subject to discipline if they deviate from defendant's lesson plans and SOPs.[6]

As defendant now concedes, to establish that plaintiffs are exempt as professional teachers, defendant must prove that plaintiffs have as their "primary duty" teaching within the meaning of the professional teaching exemption. OPM's definition of primary duty requires, in part, that an employee perform "clearly exempt work in terms of the basic nature of the work, *the frequency with*

[5] Here, plaintiffs' job title under the federal classification system is "law enforcement specialist" and FLETC has added a parenthetical after this official job title as (Firearms Instructor).

[6] Defendant attempts to minimize the lack of discretion permitted to plaintiffs by equating it to the requirement that an elementary or secondary school teacher follow a school board approved curriculum. This analogy is absurd. Curriculum is a designation of the courses that are to be taught. Lesson plans and SOPs for the plaintiffs' pertain to how training is conducted, including such things as attendance, the location from where the officers shoot at the range, how to conduct firearms demonstrations, safety standards, etc. In addition, the plaintiffs do not have any say in testing or grading. There is a huge difference in the degree of discretion afforded a school teacher, who has considerable latitude in presenting material to a class as well as testing and grading, and the law enforcement specialists who are told precisely how to conduct the training each day.

*which the employee must exercise discretion and independent judgment,* and the significance of the decisions made." 5 C.F.R. § 551.104(c)(emphasis supplied). In an October 13, 2005 U.S. Department of Labor opinion letter, the Administrator of DOL explained that "the primary duty of teaching 'includes, by its very nature, exercising discretion and judgment.'"[7] This is consistent with the comment in the preamble to the U.S. DOL's regulations that DOL "continues to agree that a 'prime characteristic of professional work is the fact that the employee does apply his special knowledge or talents with discretion and judgment." 69 Fed. Reg. 2212 (April 23, 2004). Thus, in OPM's regulatory definition of "primary duty," DOL's preamble to its regulations, and a recent DOL opinion letter, it is clear that the requirement that an employee exercise discretion and judgment in his job is an inherent component of the job of a professional teacher.

Although now conceding a professional teacher must have "teaching" as his or her primary duty, defendant argues that OPM's definition of "primary duty" contained in its definitions section of its FLSA regulations does not apply to teachers. Defendant's claimed support for this is the structure of OPM's professional exemption regulation, which provides that to prove that an employee is a teacher, an employer need not prove that a teacher meets all of the tests for a learned or artistic professional set forth in 5 C.F.R. § 551.207. Nothing in that regulation, however, nor elsewhere in OPM's FLSA regulations excludes teachers from the test for determining an employee's primary duty set forth in 5

[7] This is attached as Exhibit 10 to the appendix submitted with Plaintiffs" Memorandum in Support of Cross-Motion for Summary Judgment and opposition to Defendant's Motion for Summary Judgment.

C.F.R. § 551.104. The definitions section of OPM's FLSA regulations set forth under section 551.104 defines "primary duty" for all of the exemptions to the FLSA in the federal sector. The primary duty test is not limited to learned and artistic professionals. For defendant to assume that OPM intended to exclude teachers from this test while, at the same time acknowledging that a primary duty test of some type exists for employees for whom the professional teacher exemption is claimed makes no sense.[8] Defendant is misreading the structure of OPM's exemption regulations.

Further, defendant's contention that there is no discretion and independent judgment test applicable under DOL's regulations is incorrect. The statement cited above in the preamble to the regulations does not distinguish teachers from other professionals when it states that a prime characteristic of professional work is to apply the special knowledge of the profession with discretion and judgment. Moreover, it is undisputed that under DOL's prior regulation, 29 C.F.R. § 541.305(b), to qualify as an exempt professional, including as a teacher, required the consistent exercise of discretion and independent judgment. *See, e.g., Massie v. Bd. of Trustees Haywood Community College*, 357 F.Supp. 2d 878 (W.D.N.C. 2005)(Applying prior DOL regulations to professional teacher exemption and noting that prime characteristic of professional work is that the employee applies his or her special knowledge or talents with discretion and judgment, and that purely mechanical or routine work is not professional.).

[8] Defendant does not propose, let alone cite, to any alternative primary duty test for teachers that is different from the test set forth in OPM's FLSA regulations at 5 C.F.R. § 551.104.

The instant case reflects a circumstance in which individuals administering training classes do not exercise discretion and judgment. They are required to follow detailed SOPs and lesson plans or be subject to discipline. This type of routine work, albeit by skilled law enforcement specialists, again reflects the distinction between individuals working as professional teachers and individuals engaged in skills training of fellow workers in which knowledge of a work-related skill is paramount.

## IV. An Employer's In-House Training Facility is Not an Educational Establishment

### A. FLETC is an In-House Training Facility

FLETC is a consolidated training facility with the mission to train law enforcement officers employed by the United States. PPFUF ¶ 1-2 and Def. Resp. The law enforcement officers who attend FLETC are already employed by the United States as law enforcement officers. PPFUF ¶ 3 and Def. Resp. The Firearms Division in which the plaintiffs work provides basic and refresher training to law enforcement officers on the safe and proficient use of firearms.

The law enforcement specialist plaintiffs are not qualified, licensed or certified to teach in an educational establishment such as an elementary, high school, or vocational school. PPFUF ¶ 6 and Def. Resp. The law enforcement officers who attend the firearms training do not receive any type of degree from the FLETC nor do they receive any type of firearms license or certification for the use of firearms by completing the firearms training at FLETC. PPFUF ¶ 5 and Def. Resp. The plaintiffs do not determine whether law enforcement officers who train at FLETC are qualified as law enforcement officers. Indeed, FLETC itself

does not make this determination; instead, it is made by the officer's employing agency. Thus, while federal law enforcement officers receive training at FLETC, FLETC does not test nor determine whether the officers are qualified or certified for any particular job function or activity. PPFUF ¶31 and Def. Resp.

Further, the curriculum at issue here – firearms instruction – is obviously training of the type provided to existing employees to improve or retain a particular skill performed on their job. In-house training by fellow law enforcement officers is done at law enforcement agencies throughout the United States at state and local government police departments. To transform this type of training facility into an educational establishment is to twist the definition of educational establishment beyond any recognized meaning. [9]

**B. FLETC is Not Accredited as an Educational Establishment**

Even defendant concedes that FLETC was not accredited by any entity prior to March 2006. (Def. Reply p. 14). Hence, for the time period prior to March 2006, the undisputed factual record shows that FLETC was ***not*** accredited as a training center, and certainly not as an "educational establishment."

Moreover, post-March 2006, defendant cannot establish that FLETC was accredited by ***an independent agency***, nor can it establish that the accreditation process performed by FLETA somehow transforms FLETC's ***training center*** into

[9] Of course, the requirement that defendant prove that plaintiffs' work for an educational establishment is only one aspect of the two part test that defendant must establish to avoid paying plaintiffs overtime compensation on the basis that they are professional teachers within the meaning of the professional exemption to the FLSA. Defendant must also prove that the plaintiffs have "teaching" as their primary duty. If the court finds that there is a reasonable doubt as to whether the law enforcement specialists have teaching as their primary duty, the court need not address whether FLETC is an educational establishment within the meaning of the FLSA.

an "educational establishment." Defendant wrongly asserts that FLETA is an "independent arm." (Def. Reply p. 14). Defendant cites two equally unavailing sources to attempt to prove this point. The first is a March 23, 2006 self-serving press release written by a FLETC employee announcing that FLETC has been accredited by FLETA. (DA 62; "For more information, contact Peggy Dixon [at] FLETC-PAO@DHS.gov."). Notably, even in this press release, FLETC acknowledges that the accreditation speaks to the quality of "FLETC training." (DA62).

Defendant's reliance on the deposition testimony of Walter Koran to prove that FLETC has been accredited by an independent body is equally misplaced. Instead, Mr. Koran's testimony supports plaintiffs' view that FLETA is ***not*** an independent body. In response to plaintiffs' counsel's question asking whether FLETA was an "outside entity," Mr. Koran testified: "Well, I wouldn't say an outside entity. It's FLETC." (Koran Tr. 35, PA 25).[10]

Finally, whether FLETA is part of FLETC or whether it is, in fact, independent, is ultimately immaterial given that whatever FLETA did in March 2006 to "accredit" FLETC, this process did not automatically or magically transform FLETC from a Federal Law Enforcement ***Training Center*** into an "educational establishment." Indeed, FLETA's own literature confirms that its focus is to "accredit Federal entry-level and advanced/specialized ***training programs***. . . ." (DA 27; emphasis supplied).

Based on the foregoing, and the argument set forth in plaintiffs' opening brief, FLETC has not been accredited by an independent body. Moreover,

[10] Mr. Koran also confirmed that FLETA's Board is made up, in part, of FLETC employees. (PA 25).

defendant's assertion that FLETC's alleged status as an "independently accredited law enforcement academy" does not support its contention that FLETC is also an "educational establishment" for purposes of the FLSA's teacher exemption.

**V. The Cases Defendant Cites are Distinguishable and Present the Outside Limits of the Professional Teacher Exemption**

Notwithstanding the facts in this case, defendant claims that certain cases support its theory that an in-house training facility is an educational establishment and that employees who are classified as law enforcement employees who are providing training to fellow law enforcement employees in firearms skills are teaching professionals. Defendant's mistake in relying on these cases is that it attempts to rely on a single aspect in each case rather than the overall circumstances presented. In each of these cases the court chose to overlook a particular fact that did not appear to be consistent with the idea that the employees were professional teachers in an educational establishment. The court did so because the overall circumstances in the case so strongly supported the notion that the facility was an educational establishment. For example, defendant cites *Wilks v. District of Columbia*, 7121 F.Supp. 1383, 1386 (D.D.C. 1989) – a case involving an educational department at a prison – for the proposition that merely because the officers at FLETC do not receive any type of certification or degree for attending training does not mean FLETC is not an educational establishment. However, in *Wilks*, in contrast to here, other facts in the case overwhelmingly established that the educational programs in the prison were the same as school. In *Wilks*, the teachers were required to be certified by

the D.C. Public Schools as "teachers"; the Office of Educational Services at the Central Facility and the Youth Center were each headed by a Principal; the teachers taught classes in a Basic Adult Education program and taught subjects such as science, mathematics, English art, natural sciences, reading, social science. Indeed, unlike here there was no dispute that the teachers had teaching as their primary duty-the only issue was whether the program constituted an educational establishment. Under these circumstances in which the Basic Adult Education program was in all respects akin to a school other than being in a prison, the court found that the fact alone that the prisoners could not obtain a degree, was not fatal to finding the program to be an educational establishment. Of course, none of the facts present in *Wilks* are remotely similar to the facts here.

Defendant also attempts to rely on *Muller v. American Management Ass'n,* 368 F.Supp.2d 1166 (D.Kan. 2004), by arguing that the "refresher training" in firearms that law enforcement officers at FLETC receive is the same as the continuing legal education students received in *Muller.* However, in *Muller* the school was a nonprofit educational corporation, incorporated by a state university, chartered by the State of New York, the teachers had doctorates and law degrees, and the teachers were authorized to award continuing legal education credits to lawyers and accountants. Moreover, unlike here, the students were not employed by the same entity as the teachers; the teachers did not have the same job title as the students; the entity was fully accredited by an independent *outside* governmental education entity to provide credit for the

courses to the students, the students could use the CLE credits for purposes outside of their current jobs, and the courses were akin to college level courses.

Further, the absurdity of defendant's analogy is evident in that there are no CLE or other types of credits given to the law enforcement officers for attending training at FLETC – instead it is simply in-house training that the employing agency has officers take whenever it feels they need it or they have the time to take the courses.

Finally, defendant misconstrues the court's decision in *Hashop v. Rockwell Space Operations Co.,* 867 F.Supp. 1287 (S.D. Tex. 1987), holding that a corporation was not an educational establishment. The court so held because in-house training by an employer simply does not qualify as an "educational establishment". The court noted, as is true here, that the plaintiffs had never been trained or instructed on how to teach and that characterizing in-house training of employees was inconsistent with the notion of an educational establishment. Contrary to defendant's contention, the for-profit status of the plaintiffs' employer in *Hashop* was cited to demonstrate that a corporation training its own employees could not avoid the overtime requirements of the FLSA simply by claiming the trainers are teachers. [11]

---

[11] Defendant further asks the court to find that the FLETC is the same as the school in *Gonzalez v. New England Tractor Trailer Training School*, 932 F.Supp. 697 (D. Md. 1996) and the training facility in the Department of Labor opinion letter under the Service Contract Act finding certain teachers of air traffic controllers to be exempt. 2004 DOLWH Lexis 12 (June 2, 2004). In the cited opinion letter, the DOL held that the air traffic controller teachers were exempt because the training was conducted in classrooms, was a continuation of training at the FAA Academy, which it was undisputed constituted an educational establishment, the instructors had successfully completed the six month FAA Facility Instructor Training Course and their primary duty was to deliver instruction. Thus, unlike here, in the FAA opinion letter the independent instructors had taken courses on how to teach and were teachers at a facility that it was undisputed was an educational establishment. In *Gonzalez,* the school was accredited as a school by two separate outside entities – the state of Maryland Higher Education Commission and the Accrediting Commission of Career Schools and Colleges of Technology – to teach students vocational training. Unlike here, the students and teachers were not employees of the same entity, and the school was preparing students for a career rather than to perform a job for their current employer such as in-house training does.

## VI. Conclusion

For the reasons set forth above as well as the reasons set forth in plaintiffs' earlier brief, plaintiffs respectfully submit that the plaintiffs are entitled to summary judgment on defendant's liability for its failure to comply with the overtime provisions of the FLSA.

Respectfully submitted,

s/Molly A. Elkin
Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15TH Street, NW
Suite 400
Washington, DC 20016
(202) 833-8855
Facsimile (202) 452-1090

Gregory K. McGillivary
WOODLEY & McGILLIVARY
1125 15TH Street, NW
Suite 400
Washington, DC 20016
(202) 833-8855
Facsimile (202) 452-1090

Of Counsel

CERTIFICATE OF SERVICE

This is to certify that Plaintiffs' Reply Memorandum Regarding the Parties' Cross Motion for Summary Judgment was electronically filed on August 24, 2007. I understand that all parties will receive notice of this filing from the Court's electronic filing system.

/s/ Molly A Elkin
Molly A. Elkin