IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. | ) | |
| | ) | Case No. 05-248C |
| | ) | |
| Plaintiffs, | ) | (Judge Wheeler) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OF COURT'S RULING DENYING LIQUIDATED DAMAGES**

Pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs respectfully submit plaintiffs' motion for reconsideration of the Court's ruling denying an award of liquidated damages. Plaintiffs request that the Court's opinion with respect to liquidated damages be withdrawn and that the Court reserve decision until the parties are permitted to brief this issue. In the alternative, if the Court remains convinced that the issue of liquidated damages was ripe for decision on the parties' previously filed cross-motions for summary judgment, plaintiffs submit that defendant failed to meet its burden with respect to proving good faith and, accordingly, liquidated damages should be awarded in favor of the plaintiffs.

On November 13, 2007, this Court issued its decision on the parties' cross-motions for summary judgment. The Court concluded that defendant failed to meet its burden to establish that the plaintiff firearms instructors qualify as exempt professionals pursuant to 29 U.S.C. §207 because defendant "cannot show that (1) Plaintiffs qualify as 'teachers' engaged in the imparting of knowledge,' or (2) FLETC qualifies as an

'educational establishment.'" Slip Op. p. 3. Accordingly, the Court granted plaintiffs' cross-motion for summary judgment and awarded pre-judgment interest under the Back Pay Act and reasonable attorneys' fees. The Court also denied plaintiffs' claim for liquidated damages even though neither party submitted motions regarding defendant's liability for liquidated damages pursuant to 29 U.S.C. §216(b).

Unfortunately, the issue of liquidated damages was not ripe for ruling as part of the Court's November 13, 2007 decision. In their briefs in support and opposition to the cross-motions for summary judgment, neither party addressed the issue of whether liquidated damages should be awarded. Moreover, in response to questioning from the Court during oral argument, plaintiffs' counsel specifically stated (and defendant's counsel did not disagree) that the issue of defendant's liability for liquidated damages was not at issue in the parties' cross motions for summary judgment. (Tr. Oral Argument pp. 51-52) Plaintiffs' counsel explained that this issue raised evidentiary issues concerning whether the defendant could prove it acted in good faith that the parties would address later if the Court ruled in plaintiffs' favor on the issue of defendant's liability. (Id.)

Thus, when the Court ruled on the parties' cross-motions, the parties' legal arguments and evidence regarding the issue of liquidated damages were not before the Court. Accordingly, plaintiffs respectfully submit that the Court should withdraw its decision with respect to this issue and establish a briefing schedule to permit the parties to fully address it.

To the extent the Court believes the issue of liquidated damages was ripe for decision pursuant to the parties' cross-motions for summary judgment, defendant failed

to carry its burden to prove its good faith defense. Defendant failed to offer ***any*** evidence of either its subjective good faith to comply with the FLSA or the objective reasonableness of its actions.

Without the benefit of the parties' briefing on this issue, the Court appeared to mistakenly believe that the test for good faith as a defense to liquidated damages is a *disjunctive* test rather than a *conjunctive* test in which an employer must prove both that it subjectively acted in good faith ***and*** it objectively had reasonable grounds for its decision. Specifically, the Court found that "Defendant acted in 'good faith' *or* with 'reasonable grounds for believing' that FLETC firearms instructors should be classified as FLSA exempt under the teacher professional exemption, given the nature of Plaintiffs' job descriptions and daily duties, as discussed throughout this opinion." (Slip. Op. 23)(emphasis added) . Simply because defendant's attorney made adequate post-lawsuit arguments regarding the defendant's position or simply because the case was difficult does not establish "good faith" under section 260 of the FLSA.[1]

Indeed, it is well settled that to avoid the otherwise mandatory imposition of liquidated damages under the FLSA, "[t]he burden rests on the government to establish its good faith and the reasonable grounds for its decision." *Adams v. U.S*. 350 F.3d 1216, 1226 (3rd Cir. 2003); *Bull v. U.S*., 479 F.3d 1365, 1379 (Fed. Cir. 2007)(same). . *See also, Elwell v. Univ. Hosp. Home Care Serv.,* 276 F.3d 832, 840 (6th Cir. 2002) (only if an employer demonstrates *both* good faith and reasonable grounds for FLSA

[1] This is especially true here, where defendant's own RCFC 30(b)(6) witness testified that she never even considered that the professional exemption applied to plaintiffs. Instead, she testified that the Government denied plaintiffs overtime pay based on the administrative exemption. PPFUF ¶¶32-33 (Docket No. 50). This employee was responsible for ensuring FLETC's compliance with the FLSA. The professional exemption was only considered by the Government's attorneys ***after*** plaintiffs filed their lawsuit.

violation, then a court may exercise its discretion to limit or deny liquidated damages). Simply put, the employer has the "plain and substantial burden" of proving that its actions were objectively reasonable ***and*** prompted solely by subjective good faith. *Richards v. Marriott*, 549 F.2d at 306, *citing, Wright v. Carnigg*, 275 F.2d 448, 449 (4th Cir. 1960). Accord: *Renfro v. City of Emporia*, 948 F.2d 1529, 1540 (10th Cir. 1991). This burden on the employer is substantial and "if the employer fails to carry it, the court may not limit or deny liquidated damages." *Martin v. Ind. Mich. Power Co*., 381 F.3d 574, 584 (6th Cir. 2004) (citations omitted). *See Shea v. Galaxie Lumber & Constr. Co*.**,** 152 F.3d 729, 733 (7th Cir. 1998).

Here, where the Government failed to offer evidence of either subjective or objective good faith, liquidated damages are mandatory. *See* 29 U.S.C. § 260 (if, and only if, "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court, may, in its sound discretion, award no liquidated damages."). The Government failed to offer evidence that it had "an honest intention to ascertain what the FLSA requires and to act in accordance with it." *Beebe v. U.S,.* 640 F.2d 1283, 1295 226 Ct. Cl. 308, 328 (1981). For example, the Government did not offer any evidence that it went to OPM for guidance, that it sought the advice of counsel, that it conducted any studies, that it did an analysis of how firearms instructors are paid at other agencies, or that it did *anything* to determine its compliance with the law. The only evidence in the record is that its classifier believed the firearms instructors were exempt as administrative employees – a defense so weak defendant's own attorneys did not even raise it. As such, a full award

of liquidated damages equal to backpay remains "mandatory". Richards v. Marriott Corp., 549 F.2d at 305-06.

For the foregoing reasons, plaintiffs respectfully request that the Court reconsider its ruling denying liquidated damages and to permit the parties to submit briefs regarding defendant's liability for liquidated damages pursuant to 29 U.S.C. §216(b).[2] In the alternative, an award of liquidated damages in favor of the plaintiffs is mandatory.

Respectfully submitted,

Dated: November 27, 2007

/s/Molly A. Elkin
Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Counsel of Record

[2] In the event that liquidated damages under the FLSA are awarded in the instant matter, plaintiffs acknowledge that they are not entitled to interest in addition to liquidated damages. *See SSA v. FLRA*, 201 F.3d 465 (D.C. Cir. 2000).

CERTIFICATE OF SERVICE

This is to certify Plaintiffs' Motion for Reconsideration of Court's Ruling Denying Liquidated Damages was electronically filed on November 27, 2007. I understand that all parties will receive notice of this filing from the Court's electronic filing system.

Tara Hogan
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attention: Classification Unit, 8th Floor
1100 L Street, NW
Washington, DC 20530

/s/ Molly A Elkin
Molly A. Elkin