IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JONATHAN D. ASTOR, et al. | |
| | Case No. 05-248C (Judge Williams) |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING LIQUIDATED DAMAGES**

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Attorneys for Plaintiffs

Table of Contents

Table of Authorities……………………………………………………………………..i

I. NATURE OF THE CASE……………………………………………………………..1

II. STATEMENT OF THE QUESTION INVOLVED……………………………….2

III. STATEMENT OF FACTS………………………………………………………….2

IV. ARGUMENT……………………………………………………………………...3

A. The Standard of Review…………………………………………….3

B. An Award of Liquidated Damages Equal to the Plaintiffs' Backpay Under the FLSA is Warranted …………………5

1. General Legal Principles……………………………………5

2. The Defendant Cannot Establish that its Violation of the FLSA Was Done in Good Faith or Was Objectively Reasonable…………………7

IV. CONCLUSION……………………………………………………………13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Abundis v. U.S.,* 18 Cl. Ct. 657, 663 (1988).......................................................12

*Adam v. United States*, 26 Cl. Ct. 782, 788 (1992)..............................................9

*Adams v. U.S.*, 26 Cl. Ct. 782, 786 (1992) .........................................................10

*Adams v. U.S.*, 27 Fed. Cl. 5 (1992).................................................................9

*Amshey v. U.S.*, 26 Cl. Ct. 582, 603 (1992).........................................................9

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)..................................................3

*Astor v. U.S.* 2007 U.S. Claims LEXIS 361 5 (November 13, 2007).....................1

*Beebe v. U.S.*, 640 F.2d 1283 (Fed. Cir. 1981) ....................................................7

*Berg v. U.S.*, 982 F.2d 500 (Fed. Cir. 1992) .......................................................10

*Brock v. Claridge Hotel and Casino*, 846 F.2d 181 (3rd Cir. 1988).......................6

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) .......................................5

*Bull v. U.S.*, 68 Fed. Cl. 212 (2005)....................................................................7

*Bull v. U.S.*, 479 F.3d 1365 (Fed. Cir. 2007)........................................................4

*Burgess v. Catawba County, NC*, 805 F. Supp. 341 (W.D.N.C. 1992) ...............11

*Campbell v. U.S.*, 755 F. Supp. 893 (E.D. Cal. 1990)...........................................9

*Cf. Castilla v. Givens*, 704 F.2d 181 (5th Cir. 1983) ....................................... 7, 8, 9

*Cooke v. General Dynamics Corp.*, 993 F. Supp. 56 (D. Conn. 1997) ...............10

*Crenshaw v. Quarles Drilling Co.*, 798 F.2d 1345 (10th Cir. 1986).......................7

*Distasio v. Perkin Elmer Corp.*, 157 F.3d 55 (2d Cir. 1998).................................4

*Dole v. Elliott Travel &Tours*, 942 F.2d 962 (6th Cir. 1991) .................................6

*Elwell v. University Hospital Home Care Serv.*, 276 F.3d 832 (6th Cir. 2002) ..... 6

*Enzo Biochem v. General-Probe, Inc.*, 424 F.3d 1276 (Fed. Cir. 2005) ..... 3

*Grandits, et al. v. U.S.*, 66 Fed. Cl. 519 (2005) ..... 9

*Harris v. District of Columbia*, 749 F. Supp. 301 (D.D.C. 1990) ..... 11

*Herman v. RSR Sec. Services, Ltd.*, 172 F.3d 132 (2d Cir. 1999) ..... 6

*Hultren v. County of Lancaster*, 13 F.2d 498 (8th Cir. 1990) ..... 6

*IBP v. Alvarez*, 339 F.3d. 894 (9th Cir. 2003) ..... 6

*Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987) ..... 6

*Kinney v. District of Columbia*, 994 F.2d 6 (D.C. Cir. 1993) ..... 5

*Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C.Cir. 1976) ..... 11

*Marshall v. Brunner*, 668 F.2d 748 (3rd Cir. 1982) ..... 5, 7

*Martin v. Cooper Electric*, 940 F.2d 896 (3rd Cir. 1991) ..... 5, 11

*Martin v. Malcom Pirnie, Inc.*, 949 F.2d 611 (2nd Cir. 1991) ..... 12

*Mayhew, Inc. v. Wirtz*, 413 F.2d 658 (4th Cir. 1969) ..... 11

*Murphy, et al., v. Town of Natick, et al.*, 2007 U.S. Dist. LEXIS 71267 (D. Mass. September 25, 2007) ..... 4

*Overnight Motor Transport Co. v. Missell*, *316* U.S. *572* (1942) ..... 5

*Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58 (2d Cir. 1997) ..... 6, 7, 11

*Renfro v. City of Emporia*, 948 F.2d 1529 (10th Cir. 1991) ..... 4, 11

*Richards v. Marriott*, 549 F.2d 303 (4th Cir. 1977) ..... 4, 6

*SSA v. FLRA*, 201 F.3d 465 (D.C. Cir. 2000) ..... 13

*Saab Cars USA, Inc. v. United States*, 434 F.3d 1359 (Fed. Cir. 2006) ..... 4

*Spires v. Ben Hill County*, 980 F.2d 683 (11th Cir. 1993) ..... 6, 11

*Statham v. U.S.* 2002 U.S. Claims LEXIS 264 ..................... 9

*Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986) ..................... 5

*Williams v. Tri-County Growers, Inc.*, 747 F.2d 121 (3d Cir. 1984) ..................... 4

**FEDERAL STATUTES**

5 C.F.R. §551.104 ..................... 9

5 C.F.R. § 551.202(i) ..................... 10

29 C.F.R. § 541.202(b) ..................... 10

29 C.F.R. §790.22(a), note 137 ..................... 5

29 U.S.C. §207 ..................... 1

29 U.S.C. §216(b) ..................... 2, 5, 13

29 U.S.C. §260 ..................... *passim*

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. | ) | |
| | ) | Case No. 05-248C |
| | ) | |
| Plaintiffs, | ) | (Judge Wheeler) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT REGARDING LIQUIDATED DAMAGES**

## I. Nature of the Case

On November 13, 2007, this Court issued its decision on the parties' cross-motions for summary judgment with respect to defendant's liability for its failure to provide the plaintiffs with overtime pay pursuant to the Fair Labor Standards Act ("FLSA"). The Court concluded that defendant failed to meet its burden to establish that the plaintiff firearms instructors qualify as exempt professionals pursuant to 29 U.S.C. §207 because defendant "cannot show that (1) Plaintiffs qualify as 'teachers' engaged in the imparting of knowledge,' or (2) FLETC qualifies as an 'educational establishment.'" *Astor v. U.S.* 2007 U.S. Claims LEXIS 361 *5 (November 13, 2007). Following the Court's ruling, plaintiffs requested permission to submit briefing on the issue of their entitlement to liquidated damages. By Court Order dated November 29, 2007, the Court granted plaintiffs' request.

Accordingly, pursuant to Rule 56(a) of the Rules of the United States Court of Federal Claims ("RUSCFC") and in accordance with the Court's November 29, 2007

Order, plaintiffs respectfully submit plaintiffs' memorandum of law in support of plaintiffs' motion for summary judgment regarding their claim for liquidated damages. Based on the undisputed facts, plaintiffs are entitled to a mandatory award of liquidated damages on their FLSA overtime claims pursuant to 29 U.S.C. §216(b) because the defendant cannot prove that its failure to comply with the FLSA was based on both good faith and objectively reasonable grounds.

## II. STATEMENT OF THE QUESTION INVOLVED

Whether the United States can prove by plain and substantial evidence that it acted with subjective good faith and on objectively reasonable grounds in its failure to pay the plaintiffs overtime pay pursuant to the FLSA to avoid an otherwise mandatory imposition of liquidated damages equal to the amount of back pay that they are owed?

## III. STATEMENT OF FACTS

For their statement of facts, plaintiffs rely upon Plaintiffs' Proposed Findings of Uncontroverted Fact-2 ("PPFUF-2") filed concurrently with this brief. The facts undisputedly show that the Government failed to meet its burden to prove that it acted in good faith. The record reveals that the Government did not live up to its responsibility to ensure compliance with the FLSA. Indeed, the person responsible for FLSA compliance does not recall who, if anyone, has analyzed the instructor's FLSA status since 2001. Nor does she know what documents, if any, were used for the exemption "analysis" performed in 2001 which concluded, based solely on a review of the plaintiffs' position descriptions, that the instructors were exempt *administrative* employees–a defense so weak defendant's own attorneys did not even raise it.

Moreover, the undisputed factual record reveals that the Government did not conduct any employee interviews to determine the instructors' actual day-to-day job duties to analyze whether the employees were properly classified as FLSA exempt. Instead, the Government simply reaped the benefit of denying these workers their FLSA overtime pay for years.

The undisputed facts further show that the Government witness responsible for FLSA compliance did not review either the Office of Personnel Management ("OPM") or Department of Labor ("DOL") regulations with respect to FLSA exemptions. Nor has she reviewed any court decisions regarding the FLSA status for persons occupying instructor positions. Indeed, FLETC never requested an opinion from OPM (or from DOL) concerning FLETC's compliance with the FLSA as applied to the plaintiff instructors. FLETC never even bothered to request an opinion from its own Office of Counsel regarding FLETC's FLSA compensation policies and practices with respect to instructors even though the Agency was on notice of the plaintiffs' concerns about their misclassification as FLSA exempt as early as August 2000. On this record, liquidated damages are mandatory.

## IV. ARGUMENT

### A. The Standard of Review

As the Federal Circuit has instructed, "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Enzo Biochem v. Gen-Probe, Inc.*, 424 F.3d 1276, 1284 (Fed. Cir. 2005) citing A*nderson v. Liberty Lobby*, 477 U.S. 242, 254 (1986). Here, the "burden rests on the government to establish its good faith and the

reasonable grounds for its decision." *Bull v. U.S.* 479 F.3d 1365, 1379 (Fed. Cir. 2007)(citation omitted). Summary judgment is "mandated" when "the evidence is insufficient to support the non-moving party's case." *Distasio v. Perkin Elmer Corp.,* 157 F.3d 55, 61 (2d Cir. 1998). *See Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1369 (Fed. Cir. 2006) (party with the burden of proof on an issue must "provide evidence sufficient, if unopposed, to prevail as a matter of law").

The burden on defendant to demonstrate that it acted in good faith is "a surprisingly heavy one" as "case law construing 29 U.S.C. §260 strongly suggests that liquidated damages must be awarded unless the employer can show that it solicited an opinion from the Department of Labor [or OPM] regarding the employment practice at issue, or relied on the advice of informed counsel." *Murphy, et al., v. Town of Natick, et al.*, 2007 U.S. Dist. LEXIS 71267 (D. Mass. September 25, 2007), *citing O'Brian v. Town of Agawam*, 482 F. Supp. 2d 115, 120 (D. Mass. 2007). Simply put, the employer has the "plain and substantial burden" of proving that its actions were objectively reasonable and prompted solely by subjective good faith. *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 128-29 (3d Cir. 1984); *Richards v. Marriott,* 549 F.2d 303, 306 (4th Cir. 1977), *citing, Wright v. Carnigg, 275 F.2d 448, 449 (4th Cir. 1960). Accord: Renfro v. City of Emporia,* 948 F.2d 1529, 1540 (10th Cir. 1991). In the absence of such a showing, a full award of liquidated damages equal to back pay remains "mandatory." *Richards v. Marriott Corp.*, 549 F.2d at 305-06.

### B. An Award of Liquidated Damages Equal to the Plaintiffs' Backpay Under the FLSA is Warranted

#### 1. General Legal Principles

Section 216(b) of the FLSA provides that an employer "*shall* be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages*." 29 U.S.C. §216(b) (emphasis added). It is well settled that liquidated damages are compensatory, not punitive in nature. *Marshall v. Brunner*, 668 F.2d 748, 753 (3rd Cir. 1982).[1] In light of the make-whole purposes of liquidated damages under the FLSA, the appellate courts have stressed that "[d]ouble damages are the norm, single damages the exception." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986). Accord: *Kinney v. District of Columbia*, 994 F.2d 6, 12 (D.C. Cir. 1993); *Martin v. Cooper Elec.*, 940 F.2d 896, 908 (3rd Cir. 1991).

With the enactment of §11 of the Portal-to-Portal Act, 29 U.S.C. §260, Congress created a limited defense to the mandatory liquidated damages provision of §216(b).[2] This defense provides that the court has discretion to mitigate liquidated damages *if, and only*

[1] The Supreme Court long ago held that liquidated damages under the FLSA are intended to compensate employees for the delay in recovery of unlawfully withheld wages (*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 715 (1945)), and for various "damages too obscure and difficult of proof for estimate." *Overnight Motor Transp. Co. v. Missell, 316 U.S. 572, 583-84* (1942). The Labor Department's regulations with respect to the FLSA also underscore the compensatory objectives of liquidated damages when an employee's wages are not paid "on time." 29 C.F.R. §790.22(a), note 137.

[2] Section 260 provides:

> In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court, may, in its sound discretion, award no liquidated damages or award any amount thereof . . . . 29 U.S.C. §260.

*if*, the employer demonstrates *both* good faith *and* reasonable grounds for believing that it was not in violation of the statute. *Richards v. Marriott Corp.*, 549 F.2d 303, 305-06 (4th Cir. 1977)*, cert. denied*, 433 U.S. 915 (1978); *Spires v. Ben Hill County,* 980 F.2d 683, 689 (11th Cir. 1993); *See also, Elwell v. Univ. Hosp. Home Care Serv.,* 276 F.3d 832, 840 (6th Cir. 2002)(only if an employer demonstrates *both* good faith and reasonable grounds for the FLSA violation, then a court may exercise its discretion to limit or deny liquidated damages); *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)(same).

Thus, to satisfy §260 an FLSA-liable employer, including the United States Government here, bears the "difficult" burden of proving both subjective good faith and objective reasonableness, "with double damages being the norm and single damages the exception." *Herman,* 172 F.3d at 142 (citing *Reich v. S. New Eng. Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997); *see also Dole v. Elliott Travel &Tours,* 942 F.2d 962, 968 (6th Cir. 1991). Where the employer "fails to carry that burden," liquidated damages remain "mandatory." *Hultren v. County of Lancaster,* 13 F.2d 498, 509 (8th Cir. 1990); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)("liquidated damages are mandatory absent a showing of good faith"); *Brock v. Claridge Hotel and Casino*, 846 F.2d 181, 187 (3rd Cir. 1988)("The employer has a real burden of proof on this issue: unless both predicate acts are shown by the employer, the district court is without discretion to avoid imposing liquidated damages.")

In assessing whether an employer acted in good faith in violating the law, courts should be weary of conflating an employer's ex-post explanation and justification for its FLSA violations with active endeavors to take necessary affirmative steps to ensure compliance with the FLSA. *See IBP v. Alvarez*, 339 F.3d, 894, 910 (9th Cir. 2003) (affirming district court's award of liquidated damages where defendant simply attempted to explain its actions rather than present evidence of its steps to ensure FLSA compliance). This is because "good faith" in the FLSA context requires more than

ignorance of the prevailing law or uncertainty about its development. "It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich v. SNET*, 121 F.3d 58, 71 (2nd Cir. 1997) (citation omitted); *see also, Bull v. U.S.* 68 Fed. Cl. 212, 275 (2005)(good faith means "an honest intention to ascertain what the FLSA requires and to act in accordance with it."); *Beebe v. U.S.*, 640 F.2d 1283, 1295 (Fed. Cir. 1981) (same).

Further, an employer's misunderstanding of the requirements of the FLSA does not constitute "reasonable grounds" for believing that its actions complied with the statute within the meaning of 29 U.S.C. §260. *Crenshaw v. Quarles Drilling Co*., 798 F.2d 1345, 1351(10th Cir. 1986); *Marshall v. Brunner*, 668 F.2d at 753. *Cf. Castilla v. Givens*, 704 F.2d 181, 194 (5th Cir. 1983)("an ostrich like cultivation of ignorance" does not shield an employer from its obligation to "determine the exact parameters of his statutory obligation").

Applying these principles to the facts presented here makes it clear that the defendant cannot meet its "heavy" and "difficult" burden of showing both subjective good faith and objective reasonableness. Therefore, the plaintiffs are entitled to a make-whole award of liquidated damages equal to their back pay compensation.

### 2. The Defendant Cannot Establish that its Violation of the FLSA Was Done in Good Faith or Was Objectively Reasonable

One fact, alone, compels the conclusion that the Government has not acted in either good faith or on reasonable grounds — in August 2000, the plaintiffs' Union placed the employer on notice of its concern that the plaintiffs were entitled to FLSA overtime pay. PPFUF-2 ¶10. Specifically, during an August 21, 2000 Labor-Management Partnership Council meeting with FLETC, the plaintiffs' Union informed FLETC's Director of its concerns about the plaintiffs' FLSA exempt classification. PPFUF-2 ¶10. Part of the

Union's concern, which was conveyed to FLETC, was the inequity caused by the Government's practice of paying FLSA overtime pay to firearms instructors detailed to FLETC (who perform the exact same duties as the FLETC firearms instructors), while at the same time, denying FLETC-employed firearms instructors FLSA overtime pay. PPFUF-2 ¶10.

Despite the Union's notice to FLETC of the FLSA violation with respect to the plaintiff instructors, the Government failed to *effectively* review and change its position concerning the non-payment of FLSA overtime to the plaintiffs. PPFUF-2 ¶12. Indeed, to the extent that Human Resources Chief Constance Delaney, the employee responsible for ensuring compliance with the FLSA, explored the plaintiffs' FLSA concerns at FLETC, she did so with blinders on. Specifically, HR Chief Delaney testified that:

- she never reviewed DOL's regulations with respect to FLSA exemptions; PPFUF-2 ¶4;
- she did not review OPM regulations as they relate to the FLSA; *Id*;
- she did not review any court decisions with respect to the FLSA status for persons occupying instructor positions, nor has she ever directed anyone to do so; PPFUF-2 ¶4;
- she did not know if the instructors' exempt status was based simply on their pay grades;[3] PPFUF-2 ¶6;
- she did not perform any employee interviews to determine the instructors' actual day to day job duties, nor did she instruct anyone to do so; PPFUF-2 ¶5;
- she did not contact anyone at DOL or OPM for an opinion; PPFUF-2 ¶¶7, 8;
- she did not contact any attorneys to discuss plaintiffs' FLSA status; PPFUF-2 ¶9;

[3] Because exemption determinations must be based on an employee's actual job duties, classifying an employee as exempt based solely on his pay grade is improper. *See* 5 CFR § 551.202(i); 29 CFR § 541.202(b).

- she did not research whether instructors from other agencies who are assigned to teach at FLETC are classified as FLSA exempt; PPFUF-2 ¶12;
- she did not know who, if anyone, has analyzed the instructor's FLSA status since 2001; PPFUF-2 ¶3; and
- she did not know what documents, if any, were used for the exemption "analysis" that was done in 2001 which concluded that the instructors were exempt *administrative* employees; (*Id*.)[4]

FLETC's "ostrich like cultivation of ignorance" does not shield the Government from its obligation to "determine the exact parameters of [its] statutory obligations." *Castilla v.*

---

[4] FLETC's conclusion in 2001 that the firearms instructors qualified as administrative employees is absurd and constitutes further evidence of the Government's lack of good faith and objective reasonableness. In performing their primary duty of training law enforcement officers in "the proficient, justifiable, and safe use of firearms in the protection of the homeland," the plaintiffs carry out the day to day mission of FLETC rather than administer its business affairs. PPFUF-2 ¶¶15. Accordingly, under well-settled case law, because these workers are the "production workers" of the agency employed to carry out its day to day mission, rather than to perform a supporting service or management function, they do not qualify for the administrative exemption. *See Grandits, et al. v. U.S.*, 66 Fed. Cl. 519, 536 - 537 (2005) (surveying cases which distinguish between the production function of an agency and supporting services); *Adams v. U.S.*, 27 Fed. Cl. 5, 14 (1992)("the formulation and execution of management policy is distinct from the generation of the agency's product or basic task.") *rev'd and remanded on other grounds* [to complete the record regarding the actual work performed], 178 F.3d 1306 (Fed. Cir. 1998); *Amshey v. U.S.*, 26 Cl. Ct. 582, 603 (1992) (acknowledging the difference between staff functions and production work, or the agency's internal management functions versus the production of a law enforcement agency); *Campbell v. U.S.*, 755 F. Supp. 893, 896 (E.D. Cal. 1990) (interpreting the phrase 'supporting service personnel' as meaning those employees who provide a service which permits the agency to pursue its basic task, while not directly engaging in that task, and who were thus exempt from FLSA overtime provisions.); *See also Statham v. U.S.* 2002 U.S. Claims LEXIS 264 (Fed. Cl. Sept. 11, 2002) (finding that executive protection work did not constitute a management supporting service); *Adam v. United States*, 26 Cl. Ct. 782, 788 (1992) (employees covered by the administrative exemption perform management or staff functions and are not front-line production workers; "only those positions that 'significantly affect,' i.e., influence or change, the execution of policy . . . are exempt."). Moreover, it is undisputed that the plaintiffs do not perform ***any*** management functions or supporting services within the meaning of the OPM definition for the administrative exemption. PPFUF-2 ¶16; 5 CFR §551.104.

*Givens*, 704 F.2d 181, 194 (5th Cir. 1983). Moreover, the undisputed facts show that FLETC made its determination that the instructors were exempt *administrative* employees based *solely* on a review of the position descriptions. PPFUF-2 ¶12. This level of so-called "analysis" for purposes of determining FLSA status has been squarely rejected by the Courts and by OPM. Determinations as to exempt status must be based on the employees' *actual* day-to-day work activities, "not by the employer's characterization of those activities through a job title or job description." *Cooke v. General Dynamics Corp.*, 993 F. Supp. 56, 61 (D. Conn. 1997). *Berg v. U.S.*, 982 F.2d 500, 502 (Fed. Cir. 1992). In *Berg,* the Government's evidence consisted of the employees' job descriptions and two statements from agency classifiers. The court concluded that "the record does not suffice to show that [the employees'] day-to-day duties fall within the administrative exemption." The court noted that the position descriptions did not provide evidence describing the employees' specific job duties nor what they actually do on a day-to-day basis. *See Adams v. U.S*., 26 Cl. Ct. 782, 786 (1992)(reversal of Court of Claims decision based on position descriptions).[5] Accordingly, an FLSA exemption determination cannot be made solely on the basis of a position description. *See* 29 CFR § 541.202(b). Nevertheless, this is exactly what the Government admits it did here. As such, the Government's "analysis" of the employees' FLSA status is evidence of neither good faith nor objective reasonableness.

---

[5] OPM expressly recognizes this principle in its regulation governing the application of FLSA exemptions:

> The designation of an employee as FLSA exempt or nonexempt ultimately rests on the duties actually performed by the employee.

5 CFR § 551.202(i).

In addition, the undisputed record shows that FLETC never requested an opinion from OPM or DOL concerning FLETC's compliance with the FLSA with respect to the plaintiff instructors. PPFUF-2 ¶7, 8. Indeed, FLETC never even bothered to ask for an opinion from its Office of Counsel regarding FLETC's compensation policies and practices as they relate to the plaintiff instructors. PPFUF-2 ¶9. On this record, defendant cannot possible show good faith or objective reasonableness. *See Reich v. SNET*, 121 F.3d 58, 72 (2nd Cir. 1997) (even where employer sought advice from DOL, liquidated damages were mandatory because the employer failed to ask the right questions); *Renfro v. City of Emporia*, 948 F.2d at 1541 (a telephone inquiry to DOL did not support a finding of reasonableness on the part of the employer); *Burgess v. Catawba County, NC*, 805 F. Supp. 341, 350-351 (W.D.N.C. 1992); (liquidated damages warranted where no employer investigation or request for DOL opinion). *Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 663 (4th Cir. 1969)("if he [the employer] did not know, it was because he did not look or looking, did not see, or want to see what was so plainly there."); *Spires v. Ben Hill County*, 980 F.2d 683, 689-90 (11th Cir. 1993) (failure of employer to investigate and monitor compliance warranted award of full liquidated damages); *Martin v. Cooper*, 940 F.2d at 908 (employer has duty to investigate and properly follow the law even in the absence of employee complaints).

In addition, simply because the Government lawyers made appropriate arguments at the summary judgment stage of this litigation establishes neither good faith nor objective reasonableness under §260. Any argument that the law regarding the teacher exemption was not well-established or was uncertain does not shield the employer from liability for liquidated damages because "'legal uncertainty, to assist the employer's defense, must

pervade and markedly influence the employer's belief; merely that the law is uncertain does not suffice.'" *Harris v. District of Columbia*, 749 F. Supp. 301, 303 (D.D.C. 1990) (quoting *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 466 (D.C.Cir. 1976). The requirement on the employer to show how legal uncertainty pervaded and influenced its decision to deny workers overtime pay makes sense in light the FLSA's "presumptive rule that employees who work more than forty hours in a week must receive overtime." *Martin v. Malcom Pirnie, Inc*., 949 F.2d 611, 614 (2nd Cir. 1991); *Abundis v. U.S.,* 18 Cl. Ct. 657, 663 (1988). Accordingly, to meet the good faith and objective reasonableness standard, courts require employers to do more than simply assert that the case law was uncertain; the employer must do more than present evidence that it looked at position descriptions and checked an (obviously inapplicable) "exempt" box on a form. The FLSA wants employers to err on the side of paying overtime pay. As such, if an employer cannot show more than a cursory, ineffective "analysis," or cannot point to *how* undeveloped case law markedly influenced its decision to deny FLSA overtime pay, liquidated damages are mandatory. Here, where prior to the litigation, the Government never even *considered* that the professional exemption applied to the plaintiffs, and instead, concluded that the only exemption that could apply was the administrative exemption, the Government cannot possibly demonstrate how the absence of precise legal guidelines regarding the *professional* exemption actually led it to believe that it was in compliance with the law.

Defendant has ignored the employees' concerns regarding their entitlement to FLSA overtime pay; never made an attempt to contact DOL, OPM or its own lawyers to obtain guidance as to whether it was obeying applicable regulations; and preferred,

instead, to deny FLSA overtime compensation to its firearms instructors. Moreover, although the instant suit was filed in 2005, and even though this Court has determined that the plaintiff instructors are entitled to FLSA overtime pay, the Government still has not come into compliance. On this record, the Government cannot establish that it acted in good faith or on objectively reasonable grounds in failing to pay the firearms instructors FLSA overtime pay. Thus, a mandatory award of liquidated damages equal to back pay is required under 29 U.S.C. §216(b).

## IV. CONCLUSION

For the reasons stated above, the plaintiffs respectfully submit that their motion for summary judgment should be granted with respect to liquidated damages. In the event that liquidated damages under the FLSA are awarded, plaintiffs acknowledge that they are not entitled to interest in addition to liquidated damages. *See SSA v. FLRA*, 201 F.3d 465 (D.C. Cir. 2000).

Respectfully submitted,

Dated: December 20, 2007

/s/Molly A. Elkin
Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Counsel of Record

CERTIFICATE OF SERVICE

This is to certify that Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment Regarding Liquidated Damages was electronically filed on December 20, 2007. I understand that all parties will receive notice of this filing from the Court's electronic filing system.

/s/ Molly A Elkin
Molly A. Elkin