IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JONATHAN D. ASTOR, et al. Plaintiffs, v. THE UNITED STATES, Defendant. | ) | Case No. 05-248C (Judge Wheeler) |

**PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT-2**

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims (hereinafter "RUSCFC"), plaintiffs respectfully submit the following proposed findings of uncontroverted facts which demonstrate that plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act.

1. Connie Delaney is the Chief of the Human Resources Division at FLETC. (Delaney Tr. 9; PA 4). Ms. Delaney is responsible for ensuring the Agency's compliance with the FLSA. (Delaney Tr. 14; PA 5).

2. Among other topics, Ms. Delaney was designated by the Government as its Rule 30(b)(6) witness on the topic of the Government's consideration and application of the Fair Labor Standards Act ("FLSA") to the plaintiffs' positions. (Delaney Tr. 9; PA 4). Ms. Delaney testified that the GS-1801 firearms instructor position is classified as FLSA exempt under the administrative exemption. (Delaney Tr. 15-16; PA 6-7). Ms. Delaney further

testified that the administrative exemption is the ***only*** exemption that could apply to the plaintiffs. (Delaney Tr. 16; PA 7).

3. Ms. Delaney does not recall who, if anyone, has analyzed the instructor's FLSA status since 2001; (Delaney Tr. 17-19; PA 8-10); she does not know what documents, if any, were used for the exemption "analysis" that was done in 2001 which concluded that the instructors were exempt administrative employees. (*Id*.).

4. Ms. Delaney has not reviewed the Department of Labor's regulations with respect to FLSA exemptions (*Id*.); she has not reviewed OPM regulations as they relate to the FLSA (Delaney Tr. 20-21; PA 11-12); she has not reviewed any court decisions with respect to FLSA status for persons occupying instructor positions, nor has she directed anyone to do so; (Delany Tr. 20; PA 11);

5. Ms. Delaney has not performed or instructed anyone to conduct employee interviews regarding the instructors' day-to-day job duties. (Delaney Tr. 21- 23; PA 12-14).

6. Ms. Delaney did not know whether the FLSA exemption status of the instructors was based simply on their pay grade. (Delaney Tr. 25; PA 15);

7. FLETC never requested an opinion from OPM concerning FLETC's compensation policies and practices, including whether or not it is in compliance with the FLSA with respect to the plaintiff instructors. (Delaney Tr. 28-29; PA 16-17);

8. FLETC has never requested an opinion from the Department of

Labor ("DOL") concerning FLETC's compensation policies and practices, including whether or not it is in compliance with the FLSA with respect to instructors. (Delaney Tr. 28-29; PA 16-17).

9. FLETC has not asked for an opinion from its Office of Counsel regarding FLETC's compensation policies and practices with respect to instructors. (Id.).

10. The plaintiffs' Union' AFGE raised the instructors' FLSA exempt status as an issue of concern in an August 21, 2000 Labor-Management Partnership Council meeting. (Delaney Tr. 46-47; Exhibit 1, PA 18-19, 33). Part of the Union's concern conveyed to FLETC was the inequity caused by the Government's practice of paying FLSA overtime pay to firearms instructors detailed to FLETC who perform the exact same duties as the FLETC firearms instructors while at the same time denying FLETC-employed firearms instructors FLSA overtime pay. (Exhibit 1).

11. Following the meeting with the Union, FLETC's HR Division recommended that the firearms instructors remain FLSA exempt under the administrative exemption to the FLSA. (Exhibit 1; Delaney Tr. 47). Although FLETC failed to formally approve, disapprove or discuss HR's recommendation with HR, the firearms instructors have remained FLSA exempt to this day. (Exhibit 1; Delaney Tr. 47).

12. Ms. Delaney has never researched (nor directed any person to research) whether firearms instructors from other agencies who teach at FLETC are classified as FLSA exempt. (Delaney Tr. 61; PA 20).

13. FLETC's determination of the plaintiffs' FLSA exempt status is based ***solely*** on a review of the plaintiffs' Position Descriptions. (Brickhouse Tr. 40; PA 2).

14. The mission of FLETC is to train those who protect the homeland and, consistent with that mission, the mission of the Firearms Division is to train law enforcement officers in the proficient, justifiable, and safe use of firearms in the protection of the homeland. (Koran Tr. 39-40).

15. The primary job duty of the instructors is to carry out the firearms mission of training law enforcement officers to use firearms properly, safely and proficiently. (Koran Tr. 45-46).

16. Firearms instructors do not have authority to commit funds; (Koran Tr. 143); they cannot sign FLETC correspondence representing the official policy or practice of the FAD (Koran Tr. 144); they do not have responsibility for the strategic organizational planning of the FAD; (Koran Tr. 147); they are not management representatives (*Id*.); they do not investigate or handle employee or student complaints (Koran Tr. 148); they do not have supervisory authority (Koran Tr. 149); they do not complete performance appraisals for other employees (*Id*.); they do not assign work to other employees (*Id.*); they do not develop the budget (Koran Tr. 149-150); they do not negotiate or administer contracts (Koran Tr. 150-151); they do not authorize payments for goods and/or services (Koran Tr. 151); they do not procure supplies (*Id.*).

Respectfully submitted,

Dated: December 20, 2007

/s/Molly A. Elkin

Molly A. Elkin
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855

Counsel of Record

CERTIFICATE OF SERVICE

This is to certify that Plaintiffs' Proposed Findings of Uncontroverted Fact-2 and Plaintiffs' Appendix was electronically filed on December 20, 2007. I understand that all parties will receive notice of this filing from the Court's electronic filing system.

/s/ Molly A Elkin
Molly A. Elkin